## The Illinois Central Railroad Company

*v.*

## Clinton L. Heath.

*Opinion filed June 19, 1907—Rehearing denied October 2, 1907.*

1. Pleading—*what does not constitute a variance.* There is no variance between an allegation that the plaintiff was injured while he was uncoupling cars and proof that at the time he received the injury he had uncoupled the cars and was attempting to close the knuckle of the coupler to prevent the cars from re-coupling in case they came together again.

2. Same—*question of variance must be raised at the trial.* The question whether there is a material variance between the allegations and the proof must be raised in the trial court and cannot be urged for the first time in a court of review.

3. Appeals and Errors—*when questions of assumed risk and contributory negligence are not open to review.* The questions of assumed risk and contributory negligence are ordinarily questions of fact, and where the evidence found in the record fairly tends to support the allegations of the declaration in an action by a servant against the master for personal injury, the findings of the jury and the trial court upon such questions, when approved by the Appellate Court, are conclusive upon the Supreme Court.

4. Railroads—*switchman does not assume risk of a danger he does not know exists.* A switchman does not assume the risk of injury from stepping into a hole in the road-bed, where he does not know, and is not charged by the circumstances with knowledge, that such hole exists.

5. Instructions—*when instruction does not ignore defendant's right to have notice of defect long enough to repair it.* An instruction in an action for damages for injuries received by a switchman from stepping into a hole in the road-bed when uncoupling cars, which holds the defendant liable, on certain conditions, if the "defendant carelessly and negligently permitted a hole or depression *to be and remain* at or near" its tracks, does not ignore the right of the defendant to have notice of the existence of the hole for a sufficient length of time to have repaired it.

6. Same—*when instruction does not improperly direct attention of jury to ad damnum.* An instruction which, after enumerating the elements of damage, informs the jury that they may allow the plaintiff such sum "as in the judgment of the jury, under the evidence and instructions of the court in this case, will be a fair compensation for the injuries he has sustained or will sustain, if any,

so far as such damages and injuries, if any, *are claimed and alleged in the first count of the declaration,* and shown by the evidence," etc., does not improperly direct· the attention of the jury to the amount of *ad damnum,* which is not mentioned in the instruction.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. Frank L. Hooper, Judge, presiding.

W. R. Hunter, (John G. Drennan, of counsel,) for appellant.

Lynn & Roe, T. W. Shields, and J. W. Keating, for appellee.

Mr. Chief Justice Hand delivered the opinion of the court:

This was an action on the case commenced in the circuit court of Kankakee county by the appellee, against the appellant, to recover damages for an injury which resulted in the loss of his right arm. The declaration contained one count, which alleged, in substance, that on September 11, 1904, while the plaintiff was in the employ of the defendant as a switchman and engaged in uncoupling cars in defendant's switch yard, in the city of Chicago, he stepped into a hole from four to twelve inches deep, contiguous to defendant's railroad track, and was thereby thrown forward, and· in attempting to save himself from falling his right arm was caught between the couplers of the cars which he was uncoupling and was so maimed and crushed as to necessitate the amputation thereof; that the defendant had, or by the exercise of ordinary care ought to have had, notice of the defective condition of its road-bed and that the plaintiff did not have notice thereof, and that it was the duty of the defendant to furnish plaintiff a reasonably safe place in which to work, and in consequence of the negli-

gence of the defendant in that regard the plaintiff was injured while in the exercise of due care for his own safety. The general issue was filed, and upon a trial the jury returned a verdict in favor of the plaintiff for the sum of $10,000, which judgment has been affirmed by the Appellate Court for the Second District, and a further appeal has been prosecuted to this court.

At the close of all the evidence the appellant moved the court for a directed verdict in its favor, which motion was overruled, and it urges in this court as ground of reversal the action of the court in denying said motion.

The main contention of the defendant upon this branch of the case is, that the declaration charges that the plaintiff was injured while he was uncoupling cars, while the evidence shows at the time he was injured he had completed uncoupling the cars and was engaged in attempting to close the knuckle of the coupler so as to prevent the cars from re-coupling in case they should again come together,—in other words, that there is a material variance between the allegations of the declaration and the proofs. The plaintiff testified that his duties were to couple and uncouple cars, and that at the time he was injured four cars were being switched; that as the cars approached him the conductor directed him to "cut off that car [a Northwestern car] and close the knuckle;" that he used the lever to uncouple with but that the knuckle could not be closed with the lever; that he was attempting to close it with his hand, which was the usual way, when he stepped into a hole near the track, and in attempting to save himself from falling between the cars he got his arm between the couplers and it was crushed. We do not think there was a variance between the cause of action set out in the declaration and the proofs. The declaration averred the plaintiff was uncoupling cars at the time he was injured. The proof showed that he had uncoupled the cars with a lever, and was attempting, in the usual way, to close the knuckle of the coupler with his hand

so that the cars would not re-couple in case they came together. This was but the execution of the order given him by his foreman and was substantially a continuous act, and from the evidence the jury were fully justified in finding, within the averments of the declaration, that the plaintiff was uncoupling cars at the time he was injured. We fail to discover in the record that the question of variance was raised upon the trial, and if it were held there was a material variance between the declaration and the proofs, such variance was waived by the defendant, and that question could not be raised in the Appellate Court for the first time.

It is next urged the appellee assumed the risk of being injured by stepping into said hole, and was guilty of contributory negligence in going between the cars to close the knuckle. The evidence of the plaintiff showed that he did not know of the existence of the hole into which he stepped, prior to the time of his injury. If he was not aware of the existence of the danger, obviously he did not assume the risk of being injured by reason of such danger. He testified that he could not close the knuckle with the lever, and that at the time he stepped into the hole and was injured he was proceeding to close the knuckle in the usual way, with his hand, which made it necessary that he go between the cars. He also testified he was closing the knuckle under the direction of his foreman. The questions of assumed risk and contributory negligence are usually questions of fact, and where the evidence found in the record fairly tends to support the allegations of the declaration, the findings of the jury and the trial court, when approved by the Appellate Court, upon those questions are binding upon this court.

We are of the opinion that the circuit court did not err in declining to take the case from the jury.

It is next contended that the trial court erred in giving to the jury the appellee's fifth instruction, which reads as follows:

"You are instructed that an employer, under the law, owes to its employees the duty of using reasonable and ordinary care to provide a suitable and safe place for them to work, and if you find, from a preponderance of the evidence, that plaintiff was on the 11th day of September, 1904, in the employment of defendant as a switchman in its yards at Chicago, Illinois, and that defendant carelessly and negligently permitted a hole or depression to be and remain at or near its side-track No. 2 in its yard 'D,' and that the same was dangerous to switchmen, and that defendant had knowledge of the existence of said hole or depression or by the exercise of ordinary care might have known it, and that plaintiff did not know of said defect, if any such there was, and had not equal means of knowing with the defendant, and that while plaintiff was in the usual course of his employment and in the exercise of due care and caution for his own safety, he, by reason of the said hole or depression, if any, caught his foot therein and stumbled and unavoidably threw his right hand and arm between two cars, crushing the same, then you should find the defendant guilty."

—on the ground that it ignored the fact that the appellant was entitled to notice of the defective condition of its road-bed a sufficient length of time to enable it to repair the defect before it could be held liable for an injury resulting from such defective condition, and reliance in support of its position is placed upon the case of *Illinois Central Railroad Co.* v. *Smith,* 208 Ill. 608. In the *Smith case* the instruction stated to the jury if they believed "the platform was out of repair," while in this case the instruction informed the jury if they believed the "defendant carelessly and negligently permitted a hole or depression to be and remain at or near its side-track." The instructions differ materially. The one in this case clearly contains the inference that the jury must find that the defendant had permitted the hole or depression to *remain* after it had notice of its existence, while in the *Smith case* all the jury were

required to find was that "the platform was out of repair." It is apparent that the defendant in that case might have received notice of the defective condition of the platform at the very instant that the injury occurred, while here the defendant must have had notice of the defective condition of its road-bed and allowed it to remain after it had received such notice, and the question of whether it permitted its road-bed to remain in a defective condition a sufficient length of time to make it liable to the plaintiff by reason of constructive notice was a question of fact to be determined by the jury from the evidence. We do not think the instruction subject to the criticism made thereon. The instruction required the jury to find, from a preponderance of the evidence, before it could return a verdict in favor of the plaintiff, (1) that appellee was in the employ of the appellant as a switchman at the time of the injury; (2) that appellant carelessly and negligently permitted a hole to be and remain near its side-track in its yards; (3) that said hole was dangerous to switchmen, and that appellant had knowledge of it or by the exercise of ordinary care might have had, and that appellee did not know and had not an equal opportunity with the appellant to know of the existence of such hole; (4) that appellee was in the usual course of his employment and in the exercise of due care and caution for his own safety at the time he was injured; and (5) that by reason of the hole appellee caught his foot therein and stumbled and unavoidably threw his right arm between the two cars, causing the same to be crushed. We think the instruction contained a correct statement of the law and is in accord with the holding in *Lake Erie and Western Railroad Co.* v. *Wilson,* 189 Ill. 89.

The sixth instruction given upon behalf of the appellee is criticised on the ground that it improperly challenges the attention of the jury to the amount of the *ad damnum* of the declaration. The instruction, after enumerating the elements of damage which might be considered by the jury

if they found in favor of the plaintiff, informed the jury that they might allow the plaintiff such "sum as in the judgment of the jury, under the evidence and instructions of the court in this case, will be a fair compensation for the injuries he has sustained or will sustain, if any, so far as such damages and injuries, if any, are claimed and alleged in the first count of the declaration and shown by the evidence, if any, bearing on the question of plaintiff's injuries." The jury were limited by the instruction to such elements of damage as were alleged in the declaration and shown by the evidence, and we are unable to see how they could have been misled by the instruction. The jury were not referred to the amount of the *ad damnum* of the declaration, and we do not think the giving of the instruction constituted reversible error.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*