## William P. Dignan, Defendant in Error, v. Martin Anderson, Plaintiff in Error.

### Gen. No. 14,916.

1. MASTER AND SERVANT—*when doctrine of assumed risk does not apply.* A servant will not be held to have assumed a risk of which he knew nothing and had no reason to anticipate.

2. MASTER AND SERVANT—*when question as to whether foreman was acting within scope of his employment should be determined by the jury.* Held, in this case, that it was for the jury to determine whether the foreman in using a hoop for the purpose of drawing the plaintiff (who was a child under fifteen years) away from proximity to dangerous machinery, was acting within the scope of his employment.

3. EMPLOYMENT ACT—*what dangerous to lives of children under sixteen years.* Held, that the finding by the jury should not be disturbed which was to the effect that it was dangerous to the life of the plaintiff, who was under the age of sixteen years, upon the floor of a bakery in proximity to a machine which might cause injury.

4. INSTRUCTIONS—*should not ignore counts of declaration.* An instruction is properly refused which directs a verdict of not guilty, in ignorement of one of the counts of the declaration of the plaintiff.

Action in case for personal injuries. Error to the Superior Court of Cook County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed February 10, 1910.

**Statement by the Court.** Plaintiff in this action recovered a judgment for $10,000 for personal injuries alleged to have been caused by negligence for which defendant is responsible. To reverse that judgment defendant prosecutes this writ of error.

Defendant conducts a bakery, and plaintiff at the time of the accident was in the defendant's employ. Plaintiff was fourteen years and ten months old at the time. His work was what is called "spritzing," described as taking pieces of dough from the bench upon which they had been cut into the desired shape and putting them on a rack to be wheeled to an oven for baking. This occupation was not in itself hazardous

so far as appears.  But there was a large machine called a "mixer" in the same room operated with revolving cog wheels, and run by an electric motor.  The cog wheels were on both sides of the machine and exposed.  The plaintiff's place of work was at a bench or "dough table," one corner of which was about three feet from the machine.  Plaintiff's position when at work "spritzing" was on the opposite side of the dough table from the mixer.  To reach the machine plaintiff had to go to his right to the northeast corner of the table, then turn to his left westward around the corner and go along the end of the table to the next or northwest corner, which was about three feet from the mixer.

The foreman's testimony is that in the morning of the day of the accident plaintiff was working at his place, when a boy from the floor below came up to the mixer and held his apron against the cog wheel apparently to have the dough scraped off; that plaintiff said, "Leave me do that" and was told by the foreman not to do it, to "get away from the machine," not to be "monkeying with the machine," "to leave it alone;" that the foreman put some water in the machine to mix the dough and then took a hoop from a barrel about three feet away, put it over plaintiff's shoulders and pulled him back a step.  He says he then let go of the hoop and went about twenty feet to a faucet to get more water, and when returning and about half way back he heard plaintiff scream, and saw that his left arm was caught in the cogs of the machine.  It appears that the hoop was around the boy and was itself caught in the cog wheels.

The plaintiff's testimony is that he went over and "looked at the dough by the trough," and as he was going back he looked into the machine, and as he states it, "as I was going to turn around to go back to my work, a hoop hit me in the head and I tried to knock it up with my right hand and it fell down my waist and then caught on the cog.  *  *  *  I was standing by

the machine when the hoop came down over my head and I tried to knock it up with my right hand. My right hand and arm was outside of the hoop and when I tried to knock it up the thing fell right down and my arms got on the inside of it, then the hoop bounced on the cog wheels and caught and dragged me right between them. It pulled me right on top of it; that is on top of the cog wheels, and as I was going in I fell on my side and my left arm got caught.'' The entire arm was crushed and it was removed, being ''unjointed at the shoulder.'' Plaintiff says that at the time the hoop struck him he heard the foreman laugh, indicating it is claimed that the hoop was thrown over plaintiff in a spirit of fun.

The declaration contained two counts. The first is to the effect that the plaintiff, a minor of tender years, was employed near and about dangerous machinery and that the foreman, while in performance of his duty as foreman, threw a barrel hoop over plaintiff's head and shoulders while the plaintiff, in the exercise of reasonable care, was near a dough mixer, and the hoop was caught in the revolving part of the machine and the plaintiff drawn in and against the machine, whereby his arm was crushed.

The second count charges that it was defendant's duty to use reasonable care to furnish the plaintiff, who was of the age of fourteen years, a reasonably safe place to work and not expose him to unnecessary dangers; but that not regarding this duty plaintiff was required to work in the same room with and near exposed revolving machinery, which defendant should have known and did know was dangerous to plaintiff; that defendant negligently failed to make the plaintiff's place of work safe and plaintiff in the exercise of reasonable care was struck by a hoop and knocked against and drawn in the exposed and unguarded cog wheels, etc. This count was amended so as to raise the question of plaintiff's right to recover under the statute making it unlawful to employ a child under six-

teen years of age "in any employment that may be considered dangerous to their lives or limbs or where their health may be injured or morals depraved."

LACKNER, BUTZ & MILLER, for plaintiff in error.

QUIN O'BRIEN, JOSEPH E. RYAN and LAWRENCE W. POTTER, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is claimed the court should have directed a verdict for defendant, on the ground that "a clearer case of assumption of risk could not be found." In this contention we do not concur. While it is true the work at which the plaintiff was employed was simple and apparently free from ordinary hazard, that he was not required in his work to go near the mixer by which he was injured, that there is evidence to show he had been warned to keep away from it and understood its danger, it can scarcely be contended that he had any reason to anticipate the particular danger which seems to have been the proximate cause of the accident, viz.: that the foreman or any one else would put a hoop over his head in such fashion as to catch in the cogs of the mixer and draw him into the machine. One cannot well assume a risk that he knows nothing about and has had no reason to anticipate. I. C. R. R. Co. v. Heath, 228 Ill. 312-315.

It is said "the only possible answer that can be made to this proposition of assumption of risk is contained in the Employment Act," referring to section 20J, chapter 48, R. S. This section provides that "No child under the age of sixteen years shall be employed in" (enumerating a long list of occupations) "or any other employment that may be considered dangerous to their lives or limbs or where their health may be injured or morals depraved." Upon this statute the second count of the declaration is based. At the instance of defend-

ant's counsel however the court gave the following instruction:

"The court further instructs you that before the plaintiff can recover in this case he is obliged to show by a preponderance, or greater weight of all the evidence, first, that the act of the witness Anderson in throwing the wire hoop over the plaintiff was the proximate cause of the accident; and, second, that the witness Anderson in throwing the hoop over plaintiff was acting within the scope of his duties to the defendant, as the foreman of the defendant; and, third, that before the accident the plaintiff was not guilty of any negligence which proximately contributed to cause the accident; and if the plaintiff has failed to prove all or any one of these facts by a preponderance, or greater weight of the evidence, your verdict must be not guilty."

This instruction ignores the second count and directs a verdict of not guilty unless the jury find three things: first, that the act of the foreman in throwing the hoop was the proximate cause of the accident; second, that in so doing the foreman was acting within the scope of his duties as foreman; and, third, that plaintiff was not guilty of negligence contributing to the accident. By this instruction the statute referred to in the second count was eliminated from the jury's consideration. At defendant's instance the question of liability was rested wholly upon three questions of fact, which the jury by their verdict found against him. As to the first and third of these findings, it is apparent they are justified by the evidence. As to the other question, whether the foreman in using the hoop for the purpose, as he says, of drawing the plaintiff away from proximity to the dangerous machine, was acting within the scope of his employment, the finding is not without evidence directly tending to support it. The foreman states he was instructed to tell the boys to keep away from the machine. While he was not instructed so far as appears to use force to keep them away from it nor to use any such means as he employed, it was we think

a fair question for the jury whether he was or was not acting within the spirit of his instructions in attempting to draw the boy back from apparent proximity to danger. His judgment in the use of means was deplorable no doubt, but his purpose in the use of such means was not at variance with the duty he was charged with, viz.: keeping the plaintiff away from proximity to the machine. In Chicago City Ry. Co. v. McMahon, 103 Ill. 485-489, is a discussion of the liability of the master for the acts of an employe empowered generally to perform a duty without special directions. It is there said: "That part of the business of the company was placed in his charge with the general authority to use his judgment in its performance. His acts therefore were the acts of the company within the scope of his employment. His legal authority of course but extended to lawful acts. * * * It is a general rule, without exception, that when a servant exercises his power or performs his duty in so careless or negligent a manner that wrong ensues to another, the master is liable in damages. The rule has its origin in the foundation of the common law, if it was not borrowed from the civil law. In this state the rule has a more comprehensive definition and a broader application. It has been repeatedly held that when acting in the scope of his duty, acts of the servant not merely careless or negligent, but willful and malicious acts are embraced." In the case at bar the act causing the injury was not willful nor malicious. It may have been done in a spirit of kindly humor, but the result was the same as if it had been willful and malicious. The question of liability rests not so much upon the character of the act as upon whether the foreman was acting within the scope of his authority. See C. R. I. & P. R. R. v. Moran, 117 Ill. App. 42-48, where the subject is considered at some length. In T. W. & W. R. R. Co. v. Harmon, 47 Ill. 298-308, where a railroad company was held liable for injuries caused by the negligence of an engineer in letting off steam, it is said the company

"should not be permitted to say, it is true he was an agent, was authorized by us to have the possession of our engines, was engaged in carrying on our business and while so engaged, he willfully perverted the instruments which we placed in his hands to something more than we designed or authorized, and therefore we should not be liable for the injury thus inflicted."

The court gave a further instruction as follows:

"The court instructs you, as a matter of law, that if you find from the evidence that the act of the witness Anderson in throwing the wire hoop over the plaintiff was not one of the moving causes of the accident, your verdict must be not guilty."

By this, the jury were further authorized to find the defendant not guilty without reference to the second count and the statute regulating the employment of minors under sixteen years of age in any employment considered dangerous to life, limb, health or morals. If this was error it is error committed at defendant's instance, of which he cannot complain. The defendant nevertheless submitted and the court gave an interrogatory to the jury, requiring them to answer whether the defendant was guilty of a violation of the statute in employing the plaintiff on the floor of the bakery where he was injured, and the jury answered "yes." In view however of the finding upon the questions submitted under the instructions above discussed, we deem it unnecessary in this case to consider the effect and applicability of that statute.

While there may be errors in procedure as pointed out by counsel, they were not we think harmful nor such as would justify a reversal of the judgment. It will therefore be affirmed.

*Affirmed.*