## Ingram, Appellant, *v.* Lehigh Coal & Navigation Co.

*Negligence—Fellow servants—Foreman of carpenters and night watchman.*

Where a night watchman is injured by falling through an opening left by carpenters working under the charge of a foreman in the employ of the same corporation, there can be no recovery against the common employer, as the accident is the result of the negligence of a fellow servant.

*Contributory negligence—Approaching place of danger in the dark.*

It is contributory negligence to approach a place of danger in the dark. Whether so instructed or not, a person of ordinary prudence would carry a lantern rather than an open lamp in a place exposed to the wind.

Having taken an open lamp, and the wind having extinguished it, it would have been the part of prudence to have relighted it, or procured a lantern, before venturing to pass a place of known danger.

Argued Feb. 18, 1892. Appeal, No. 132, Jan. T., 1892, by plaintiff, Frederick Ingram, from judgment of C. P. Schuylkill Co., May T., 1886, No. 45, on verdict for defendant. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Case to recover damages for injuries sustained in defendant's service.

At the trial before PERSHING, P. J., it appeared that plaintiff was a night watchman in the employ of defendant, and that he fell through an opening left in the floor of a " tip house " in one of defendant's breakers, sustaining injuries for which he brought suit. The opening through which he fell had been left by a gang of carpenters who were in the employ of defendant and who were making repairs to the breaker.

The defendant offered to show that plaintiff had been specifically instructed to visit the breaker where the accident occurred two or three times during the night, and not to use a naked lamp, but to carry a lantern; this for the purpose of showing that he violated his instructions by further proof that he went with an open lamp, and that the lamp was blown out by a high wind before he reached the place where he fell.

Objected to. Admitted. Plaintiff excepts and bill sealed. [1]

In the course of the charge the court said : " He (the plaintiff) testifies he had no knowledge whatever of this hole existing there ; also that he did not see any one around. . . .

" It is alleged on the part of the defence, as against his right to recover upon the facts in the case, that the plaintiff had notice that the hole was there. . . .

" That he had an open lamp that night is not matter of dispute; that is shown by the evidence on both sides. Hence, if *you believe the evidence of the defendant—the plaintiff denies that he gave him such instructions, as you will remember, but, we say, if the defendant's evidence on that point would be believed by the jury, then in carrying an open lamp he was violating instructions.* [2] . . . .

" It is claimed here, as we think correctly, that the accident to the plaintiff was the result of the negligence of a co-employee, a fellow servant, and that it is not attributable to the company, and that therefore your verdict must be for the defendant." [3]

Plaintiff's points were in substance as follows :

1. That the mechanics and laborers employed in the repairs to the breakers were not fellow servants of the plaintiff. [4]

2. That the leaving of this hole open and unprotected for several days and nights was negligence on the part of the company. [5]

3. That there was evidence in the case to show that plaintiff was justified in believing that the repairs were completed. [6]

4. That if plaintiff had no notice or knowledge of the opening, and in the discharge of his duties was obliged to pass in the neighborhood of it, and though using ordinary care fell and was injured, he is entitled to a verdict. [7]·

Defendant's points were in substance as follows :

1. The test of the employer's liability is that the negligence was his and not that of a co-employee. [8]

2. That the negligence, if any, was the negligence of co-employees. [9]

3. If the " tip house " was a dangerous place to go into after dark without a light, and defendant did go into it, he was guilty of contributory negligence. [10]

4. If the night was stormy and windy, and plaintiff in violation of his orders, or in defiance of the discretion which he ought to have shown, undertook to go there with a naked lamp, which was blown out by the wind, and he ventured to enter the dangerous place without a light, he was guilty of contributory negligence. [11]

5. If the plaintiff had notice of the existence of the hole in the floor of the " tip house," or by the exercise of ordinary care in his employment must have acquired such knowledge, then he was bound to take the additional precautions which such knowledge required, and his failure to do so was contributory negligence. [12]

6. That there is no evidence of negligence on the part of defendant, and the verdict should be for the defendant. [13]

To each point respectively the court answered, " We direct a verdict for the defendant."

Verdict for defendant. Plaintiff appealed.

*Errors assigned* were, (1) admission of the evidence above referred to ; (2 and 3) the portions of the charge quoted ; (4-13) answers to points, quoting points and answers.

*James Ryon, J. O. Ulrich* with him, for appellant.

*F. G. Farquhar, John W. Ryon* with him, for appellee.

PER CURIAM, March 28, 1892 :

We do not think it was error in the learned judge below to direct a verdict for the defendant. Upon the undisputed evidence it appears that the accident to the plaintiff was the result of the negligence of his fellow servant.

And whether or not the plaintiff violated his instructions in carrying an open lamp on the night in question, it clearly was negligence on his part to approach a place of danger in the dark. An open lamp was likely to be blown out by the wind. A person of ordinary prudence would have taken a lantern, which is not affected by the wind. Having taken an open lamp, and the wind having extinguished it, it would have been the part of prudence to have relighted it, or procured a lantern before he ventured to pass a place of known danger.

Judgment affirmed.