DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

**DURING THE YEAR 1912.**

---

## John Kaler, Appellee, v. Swift & Company, Appellant.

1. CONTRIBUTORY NEGLIGENCE—*when for the jury.* Questions of assumed risk and contributory negligence are usually for the jury, especially where the evidence tends to show that the party injured had no knowledge of the danger and could not have ascertained it by the exercise of ordinary care.

2. INSTRUCTIONS—*when peremptory properly refused.* A peremptory instruction is properly refused where there is evidence tending to prove all the material allegations of a declaration alleging a failure of defendant company to perform its duty to provide plaintiff a safe place in which to work, in that insufficient light was furnished to make objects on the floor discernible, and in that crates were allowed to remain on the floor over which the plaintiff stumbled while exercising due care and was injured.

3. MASTER AND SERVANT—*instructions.* An instruction, considered in connection with the facts, sufficiently covers the acts of defendant connected with the injury where it provides that a finding for plaintiff is warranted if from the evidence the jury believe that plaintiff, as defendant company's servant, while exercising ordinary care was injured as charged in the declaration because of failure by defendant to use reasonable care to furnish a reasonably safe place in which to work, and that plaintiff had not assumed the risk of injury in the manner shown.

4. INSTRUCTIONS—*how considered.* Instructions must be considered in connection with the facts of the case to which they are applied.

(135)

5. INSTRUCTIONS—*when do not authorize recovery on evidence of negligence not charged in the declaration.* An instruction authorizing a finding for plaintiff, if from the evidence the jury believe that plaintiff was injured as charged in the declaration because defendant failed to use reasonable care to furnish a reasonably safe place in which to work, is not objectionable as permitting recovery on evidence of negligence not charged in the declaration where the declaration charges failure to provide a reasonably safe place in which to work, and also failure to furnish sufficient light in a room, and that crates were thrown on the floor therein rendering it dangerous to walk over.

6. DAMAGES—*instructions.* An instruction as to the elements to be considered in estimating damages for a personal injury is not objectionable because it ignores the question as to whether plaintiff aggravated his injuries by inattention.

7. DAMAGES—*instructions.* Whether plaintiff aggravated his personal injuries by carelessness is a matter of defense to be provided for by instructions for defendant.

8. INSTRUCTIONS—*when refusal not error.* It is not error to refuse instructions fully covered by those given.

9. DAMAGES—*when not excessive.* A judgment for $3,000 is not excessive where the plaintiff who was 48 years old was receiving from $16.50 to $19.00 per week, was in bed for six months with blood poisoning because of the injury to his leg, his whole side is affected, and his injuries seem to be permanent.

Appeal from the City Court of East St. Louis; the Hon. M. MILLARD, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed March 21, 1912. Rehearing denied June 13, 1912. Certiorari denied by Supreme Court (making opinion final).

C. E. POPE, for appellant.

WISE, KEEFE & WHEELER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a judgment recovered by appellee, for injuries received by him, while in the employ of appellant. The one count of which the declaration consisted, charged that it was the duty of appellant to use reasonable care to furnish appellee a reasonably safe place in which to do his work, but that disregarding that duty appellant negligently

failed and omitted to furnish or supply on the fifth floor of the building, where appellee was employed, any natural or artificial light, by which he would be enabled to work around and upon said floor and to discern any objects which might be upon the floor that would interfere with his walking or passing over the same; that on or about December 15, 1909, appellee was required to go from the fourth floor to the fifth floor which was dark and unlighted, upon which floor certain crates had been placed and thrown, which were not discernible to appellee on account of the darkness prevailing in said room, which rendered the floor dangerous to walk upon or travel over; that said condition was known to appellant or should have been by the exercise of ordinary care by it, but was unknown to appellee and not discoverable by him by the exercise of ordinary care; that while appellee was walking along said fifth floor in the line of his duties, in the exercise of ordinary care for his own safety, he, on account of the absence of light in such room, stumbled over and against said crates and was thereby thrown with great force and violence against certain iron pipes in said room, receiving injuries for which he brought suit.

The trial jury assessed damages in favor of appellee at $5,000 but, appellant having entered a motion for a new trial, appellee filed a remittitur of $2,000, and judgment was thereupon entered against appellant for $3,000.

Appellant offered a peremptory instruction in its favor at the close of the evidence in the case, which was refused by the court and it here contends that said instruction should have been given to the jury for three reasons: First, that appellee assumed whatever risk there was of being injured in the manner he claimed he was and in the manner set out in the declaration; second, appellee was guilty of contributory negligence which precluded a recovery, and third,

the material averments in the declaration were not proven.

We find from a careful examination of the record that, though the evidence in the case is somewhat confusing, the following facts are substantially established: Appellee, a man forty-eight years of age, was, at the time he was injured, which was on or about the date above mentioned, and had been for some three years prior thereto, employed by appellant in its packing house near East St. Louis, and had charge of the lard rendering department. The rendering process was conducted on the fourth, fifth and sixth floors of the building, and while appellee's duties confined him principally to the sixth floor, where the rendering proper was done, yet it was necessary for him, several times a day, to go to the fourth and fifth floors where the product from the sixth floor was conveyed, in order to ascertain that kettles and other appliances were in proper condition. The fifth floor on which the injury occurred, was ninety-six feet long and eighty feet wide and there were in it nineteen posts, ten inches square and sixteen feet apart, to support the floor above. In the southeast corner was a stairway and vestibule. The walls on the east and north were solid, while those on the south and west contained nineteen windows. The glass in these windows was thick, had a wire netting woven in it and was known as fireproof glass. Just west of the vestibule was a large square tank with a capacity of 30,000 pounds of lard which, to a large extent, excluded the light from the two windows in front of which it was located. From this tank a pipe extended to and under a large circular tank located a little north of the center of the room known as the scale tank. Near the northwest corner of the fifth floor was a large tank called a settler, which received lard from the rendering kettles above. From this tank a pipe extended to about twenty feet of the northeast corner of the room and then passed through the floor to distribute lard throughout the

floors below. At about the place this pipe went through the floor there was another large tank ten feet high and built on a platform some three feet above the floor. A portion of this room appears to have been used as a storage place for empty lard cans and the crates in which they were placed for shipment.

It is claimed by appellant that these cans and crates were piled up on one another in such a way as to leave aisles for the workmen to pass through in going to the various tanks on the floor. The evidence however is not clear as to the manner in which these articles were piled up though it appears they, for the most part, occupied the central space of the floor. Above the scale tank in the middle of the room were scales located at such a height that it was necessary for the men in reading the same to stand upon something higher than the floor and for this purpose they frequently used the empty crates. On the day in question there was a canvas hanging on the south side of the room which, in some degree, obstructed the light from the south windows, while steam arising from a kettle on the fourth floor came through an opening on the west side of the building, settled on the windows on that side of the room and interfered with the light afforded by them. Appellant had two or three workmen or janitors, whose duty it was to arrange the cans and crates upon the floor in such a way as not to interfere with the work of appellee and others, whose duties called them to the tanks, and with these men and with the work of clearing the floor, appellee had nothing to do, his duties being limited to visiting and caring for the various tanks and settlers located thereon. On the day he was injured, appellee, desiring to ascertain if the settler over the tank in the northwest corner of the fifth floor was cleaned, came up the stairway from the fourth floor, entered the room at the vestibule at the southeast corner and started north near the east wall in the way he was

accustomed to do, and when he reached the tank stand ing near the northeast corner of the room started to go around it on his way to the northwest corner of the room, when he tripped and fell over some crates left in the passageway, which he did not see in the darkness, and was thrown against an iron pipe with such force as to cut through his underwear, trousers and overalls, breaking and bruising the skin for an inch or more on his leg below the knee. He wrapped up his wound and, at the suggestion of another workman, purchased a medicine to use upon it and attempted to continue his work. A couple of days later, the injury not healing, he reported to appellant's foreman, who directed him to a physician having an office at the plant. He was later referred by this physician to another who was the surgeon for appellant at that place. His wound did not yield to treatment and blood poisoning set in. Appellant's superintendent had him sent to a hospital where he was compelled to remain for six months. He suffered greatly and his whole side appeared to have become affected. The infection was deep and the physician in charge of him had to make numerous incisions in the leg to let out the pus.

At the time of the trial, in October, 1910, he was still compelled to walk on crutches and the evidence tended to show his injuries were permanent. When he was injured appellee was receiving as wages $16.50 a week and at times, when he worked overtime, $19.

The questions of assumed risk and contributory negligence are usually questions of fact for the jury and especially is this so where, as in this case, there is evidence tending to show that the injured party had no knowledge of the existence of the danger and could not, by the exercise of ordinary care, have ascertained it. (I. C. R. R. Co. v. Heath, 228 Ill. 312.) Appellee was proceeding to attend to his duties according to his usual custom and he testified that he had no rea-

son to suspect that there would be any crates in the passageway. It also appeared that the light in the portion of the room where the injury occurred was very poor and that the crates would not have been noticed unless a person was looking closely for them. While it is true that there were many windows on two sides of the room, yet there were various reasons, as above mentioned, which prevented the light from reaching the portion of the room in question, so as to make objects on the floor clearly discernible. In fact there was evidence tending to prove all the material allegations of the declaration as above set forth. The trial court therefore could not have properly done otherwise than to refuse the peremptory instruction and submit the case to the jury.

It is further contended by appellant that the verdict was contrary to the preponderance of the evidence and that therefore a new trial should have been given. From a consideration of all the facts in proof, we are of opinion that the evidence was sufficient to sustain the verdict and that the court did not err in refusing a new trial.

Appellant complains of the two instructions which were given on behalf of appellee. The first was as follows: "The court instructs the jury that if you believe from a preponderance of the evidence in this case that while the plaintiff was working for the defendant as its servant and while he was in the exercise of ordinary care for his own safety, he was injured, as charged in the declaration, by reason of the fact that the defendant failed to use reasonable care to furnish a reasonably safe place in which to work, and had not assumed the risk of being injured in the manner shown by the testimony, then you would be warranted in finding for the plaintiff." The first criticism of the instruction is that it did not require the jury to find that appellee was in the exercise of ordinary care both at and before the time he was injured, the language used being "while he was in the

exercise of ordinary care for his own safety he was injured etc.'' An instruction must always be considered in connection with the facts of the case to which it is applied. Under the facts in this case, the language used in the instruction sufficiently covered all the acts of appellant having connection with the injury.

Appellant further claims that the question of assumed risk was not properly submitted to the jury. This as we have above seen, however, was a question of fact for the jury in this case and while the court might properly have made some further statement concerning the law as to assumed risk, yet under the proofs, a failure to do so was not error. The principal objection, however, urged to the instruction by appellant, is that it permits a recovery upon evidence of negligence not charged in the declaration, it being said that the declaration charges a negligent failure and omission on the part of appellant to furnish a certain supply of light, while the instruction permits as a ground for recovery, a failure on the part of appellant to use reasonable care to furnish appellee a reasonably safe place in which to work. This objection does not appear to us to be well taken. The declaration as will above appear, charges directly a failure on the part of appellant to use reasonable care to furnish appellee a reasonably safe place in which to do his work and in connection therewith alleges not only a failure to furnish sufficient light but also that certain crates had been thrown or placed on the floor, which rendered the same dangerous to walk upon or travel over.

The second instruction given for appellee states the usual and ordinary elements to be considered by the jury in estimating appellee's damages in case they should find the defendant guilty. The criticism of the instruction is that it ignores the question as to whether or not appellee did not aggravate his injuries by his own carelessness or inattention thereto. The instruc-

tion in question correctly stated the general rule of law applicable to the question of damages in cases such as this, and the question whether appellee aggravated his injuries by carelessness, was a matter of defense to be properly provided for in the instructions given for the appellant as was actually done in this case.

The modifications of its instructions objected to by appellant were unimportant and did not materially change the import of any of them.

Appellant complains that some twelve of its instructions were refused by the court. A number of these instructions stated abstract principles of law and with the exception of refused instructions Nos. 20 and 21, appellant does not state wherein the court erred in refusing them, nor does an examination of them disclose that there was any error on the part of the court in so doing. Refused instructions Nos. 20 and 21, which both stated a rule of law applicable to the case, in the event it was found that appellee's injuries were occasioned or aggravated by his own carelessness or neglect, were fully covered in theory by instruction No. 19 given for appellant.

The final contention of appellant is that the judgment in this case is excessive. The age and earning capacity of appellant and the injuries suffered by him would appear to be sufficient warrant for the judgment of $3,000, in his favor, entered by the court below.

*Judgment affirmed.*