Werner v. Wietor et al., 183 Ill. App. 273.

## Statement of the Case.

Action by Harley Meek, a minor, by Mattie Gerbaum, his mother and next friend, against the Chicago Railways Company, a corporation, to recover damages for personal injuries. During the pendency of defendant's appeal from a judgment for ten thousand dollars (Gen. No. 18,034, *ante*, p. 256), plaintiff brings error to test correctness of orders as to filing a bill of exceptions.

Roy D. KEEHN, for plaintiff in error.

FRANK L. KRIETE and WILLIAM H. SYMMES, for defendant in error; JOHN R. GUILLIAMS, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 12*—*when writ of error is affected by appeal.* Where orders as to the filing of a bill of exceptions sought to be reviewed by a writ of error were properly involved in and were considered and disposed of in the same case on appeal, the writ of error will be dismissed.

---

## Philipp Werner, Defendant in Error, v. Henry Wietor and Nicholas J. Wietor, copartners, Plaintiffs in Error.

### Gen. No. 18,039.  (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed November 21, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

## Statement of the Case.

Action by Philipp Werner against Henry Wietor and Nicholas J. Wietor, copartners trading as Wietor Brothers, for personal injuries from falling into a bin. From a judgment for plaintiff for five hundred dollars, defendants bring error.

BULKLEY, GRAY & MORE, for plaintiffs in error.

FRANCIS X. BUSCH and FRANK A. ROCKHOLD, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 126*—care required furnishing place to work. It is the duty of the master to use reasonable care to furnish his servant a reasonably safe place in which to work.

2. MASTER AND SERVANT, § 196*—duty to warn of danger. It is the duty of the master to warn his servant of any dangers connected with the work which he is directed to perform that are not known to him or reasonably obvious on ordinary observation.

3. MASTER AND SERVANT, § 196*—when servant must be warned of danger. Where an employe in performance of a general direction to unload a load of oats goes into a dimly lighted loft and not being familiar with the bin, steps into it, misses an eighteen inch walk and falls to the bottom of the bin, the servant not having been informed of the conditions the master is liable.

4. MASTER AND SERVANT, § 709*—when question whether bin is dangerous is for the jury. Where an employe in performance of a general direction to unload a load of oats goes into a dimly lighted loft, steps into a bin and in attempting the next step misses an eighteen inch walk and falls to the bottom of the bin, whether the bin is a dangerous place is a question for the jury.

5. MASTER AND SERVANT, § 447*—when servant may assume he will not be exposed to danger. A servant has a right to assume that the master will not expose him unnecessarily and without warning to dangers of which he is ignorant; and when directed to perform a service he has a right to rest assured that there is no danger in its performance of which the master has not advised him.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

6. MASTER AND SERVANT, § 759*—*when contributory negligence is for the jury.* Where an employe, ignorant of the conditions of a bin, in performance of a general direction and without warning entered into the bin, which was so dark that he could not see the conditions and missed an eighteen inch walk, falling to the bottom of the bin, whether he exercised such care for his safety at and just before the time of injury as a reasonably prudent person would exercise under similar conditions is for the jury.