they claim such relief, and the residue of the award must be collected from the land upon which it is a lien.

[5] The mortgagees and purchasers at the foreclosure sale are not seeking to rescind the contract of purchase or to be relieved from their bid. In effect, they are asking to have such contract reformed. In the absence of evidence of fraud or mutual mistake, they are not entitled to such relief. Continental Insurance Co. v. Reeve, 135 App. Div. 737, 119 N. Y. Supp. 901, appeal dismissed 198 N. Y. 595, 92 N. E. 1081.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the proceedings remitted to the Special Term to enter an order as to the ownership of the award, in accordance with the terms of this opinion. All concur.

(159 App. Div. 870)

SEYFORD v. SOUTHERN PAC. CO.

(Supreme Court, Appellate Division, Second Department. December 31, 1913.)

1. MASTER AND SERVANT (§ 234*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where an electrician, on returning to his work of repairing a fire alarm in a coal bunker of a ship, falls through an open coal hole near which a lantern is standing and about which he knows, he is guilty of gross negligence barring recovery.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 684–686, 706–709; Dec. Dig. § 234.*]

2. MASTER AND SERVANT (§ 234*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where an electrician, while going to his work of repairing a fire alarm on a ship, either through failure to provide himself with a sufficient light to pick his way in a dark place with which he is unfamiliar, or because his attention is fixed upon matters other than where he places his feet, falls into an open coal hole, though he is familiar with the construction of steamships and knows of the existence of coal holes on this particular ship and of the likelihood of their being in this passageway, he is guilty of contributory negligence barring recovery for his injuries.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 684–686, 706–709; Dec. Dig. § 234.*]

3. MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—DISMISSAL.

Under Labor Law (Consol. Laws 1909, c. 31) §§ 200–204, as amended in 1910 (Laws 1910, c. 352), providing that contributory negligence of the injured employé shall be a defense to be so pleaded and proved by the defendant, contributory negligence may be a question either of fact or of law; and hence, where plaintiff's evidence, in an employé's action for injuries, affirmatively establishes such negligence and the plea is in proper form, defendant is entitled to a dismissal.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

Appeal from Trial Term, Westchester County.

Action by Fred Seyford against the Southern Pacific Company. From judgment for plaintiff and denial of new trial, defendant appeals. Reversed, with directions.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, STAPLE-TON, and PUTNAM, JJ.

J. Ard Haughwout, of New York City (Everett J. Esselstyn, of New York City, on the brief), for appellant.

Bartholomew Foody, Jr., of New York City (William Dey, of New York City, on the brief), for respondent.

BURR, J. Plaintiff, while engaged in defendant's service, sustained serious injuries by falling through an open hatch in the floor of a coal bunker in the steamship El Occidente. The complaint alleged negligence as the cause thereof, both at common law and under the provisions of the Labor Law relative to employers' liability (Consolidated Laws, c. 31 [Laws of 1909, c. 36], as amended [Laws of 1910, c. 352, §§ 200–204]). At the close of the case plaintiff asked to go to the jury under the statutory provisions. From a judgment entered upon a verdict in his favor, and from an order denying a motion for a new trial, this appeal comes.

Plaintiff was an electrician. On May 1, 1912, he had been in defendant's employ about a year, and on the day in question he was sent to discover and repair a defect in the fire alarm electrical circuit in one of the coal bunkers of the ship. A helper was assigned him. Instructing his helper to get candles, they passed through the boiler room into the lower coal bunker on the starboard side of the ship, which was empty, and then passed through a hatch or opening to the coal bunker above. Upon the floor of this bunker was some coal, and near the hatch through which they passed they found a lantern, which was lighted. Picking up the lantern and giving the candles to his assistant, plaintiff, with an instrument called a magneto, proceeded to make tests at various points along the ship's side to locate the defect in the circuit. He then left his helper and, taking the lantern, proceeded by a somewhat devious course to a point on the port side of the ship, nearly opposite that where he had entered the bunker, and separated from it by the boiler room. There plaintiff found a ladder standing near the forward bulkhead and near an opening in the floor of the coal bunker. Placing the ladder against the bulkhead, he left his lantern near the open hole, lit a candle which he had in his pocket, and, after searching about ten minutes, discovered the defect, called to his assistant to join him, and they proceeded to repair the same. About 12 o'clock work was suspended, and plaintiff and his helper left the ship to obtain lunch, agreeing to meet in the same place half an hour later. In departing, plaintiff's assistant took the lantern, plaintiff took the candle, and the assistant led the way. Instead of returning as they came to the starboard side of the ship, they passed through a hole or opening from the coal bunker into the boiler room on the port side, and thus to the upper deck. Plaintiff did not return at half past 12 as was agreed. It was about 1½ hours later than that. Where he had been in the interval does not appear. His helper had returned and resumed work. Plaintiff upon his return, without procuring a light, crawled through the opening from the boiler room into the bunker. According to his testimony he then observed that

there were two lights there, one a lantern standing near an open hatch, and the candle which the assistant had in his hand while he stood upon the ladder at work. Plaintiff further testified that he passed over the floor of the coal bunker toward the ladder, with his eyes upon the lantern near the open hole, and while so doing fell through another opening a few feet distant therefrom, which he had failed to observe, into the coal bunker below.

Plaintiff's testimony is not supported by that of any other witness, and two witnesses for defendant testify that he fell through the opening near which the lantern stood, and which plaintiff admitted that he saw and to which his attention was directed not only in the forenoon but upon his return from lunch, and just a moment before the accident.

We deem it unnecessary to discuss the question of defendant's negligence or the weight of the evidence respecting the same. For the purposes of this appeal, if we accept plaintiff's statement as true, it affirmatively appears that he was guilty of negligence contributing to the accident, and the motion made at the close of the entire case to dismiss the complaint upon that ground should have been granted. Notwithstanding his long experience in the navy, covering a period of more than seven years, and his employment as an electrician by the Ward Line Steamship Company for more than three years, plaintiff asserted that he had never been in the coal bunkers of a steamship but once before. That may be true, although his helper testified to the contrary, and that before the accident they had frequently worked together in coal bunkers. But plaintiff admitted that he was thoroughly familiar wih the construction of steamships; that before the accident he knew that necessarily they had coal bunkers; and "that they have got to have places for the coal, and they have got to have egress and ingress from deck to deck up and down. Sometimes it is a hole or hatch; sometimes it is a companionway; sometimes it is a stairway." He also knew that there were "hatches leading from the upper deck where you throw the coal down into this bunker," and that there were bunkers underneath the one at which he was at work, and that communication between these bunkers was by means of hatches or openings, for he had passed through one from the lower to the upper bunker that very morning. The diagram of the ship which plaintiff put in evidence showed a number of such openings between the point where he entered the bunker in the morning and the point where he fell. It is true that he said he did not notice them because he "followed his helper," who was more familiar than he with the locality. But he admits that in the forenoon he left the helper upon the starboard side of the ship and, with a light in his hand, proceeded around the boiler room and forward upon the port side of the ship to the place where the defect was discovered. In doing so he passed several of these hatches. There is no ground for a finding that he was justified in supposing that each of them was covered. He says that he did not notice some of them. As to those that were brought to his attention, he knew that they were uncovered.

[1, 2] It is immaterial in which hole he fell. If it was in the hole

near which the lantern was standing, and which he knew about, it must have been due to gross carelessness.    Pattison v. Livingston Amusement Co., 156 App. Div. 368, 141 N. Y. Supp. 588.    If it was the other hole, distant but a few feet therefrom, he wandered into it either because he failed to provide himself with sufficient light to pick his way in a dark place with which he was unfamiliar, or because, as he himself testifies, he did not look where he was going because his attention was fixed upon the other hole instead of upon the way where he placed his feet.    The evidence discloses that a sufficient number of lamps had been provided and were available, and the court so instructed the jury without objection on plaintiff's part.    In either case, his conduct established contributory negligence as matter of law. Rohrbacher v. Gillig, 203 N. Y. 413, 96 N. E. 733; Weller v. Consolidated Gas Co., 198 N. Y. 98, 91 N. E. 286, 139 Am. St. Rep. 798; Fitzgerald v. Newton Falls Paper Co., 204 N. Y. 184, 97 N. E.. 457; McDonnell v. Illinois Central Railway Co., 105 Iowa, 459, 75 N. W. 336.

[3] Under the Labor Law, as amended in 1910 (Laws of 1910, c. 352), "contributory negligence of the injured employé shall be a defense to be so pleaded and proved by the defendant." The plea in this case was sufficient.    Under the act as amended, contributory negligence may be a question either of fact or of law.    If plaintiff's evidence affirmatively establishes such negligence, and the plea is in proper form, defendant would then be entitled to a dismissal of the complaint. · In the case at bar such motion was made both at the close of plaintiff's case and renewed at the close of the entire case.    Decision was reserved upon these motions, and, when they were subsequently denied, exception was granted to the defendant.    This exception presents capital error.

The judgment and order denying the motion for a new trial should be reversed, and judgment directed for the defendant dismissing plaintiff's complaint, with costs of said action and of this appeal, upon the ground that plaintiff's contributory negligence is affirmatively established.    All concur.