# Glenn *v.* Kittanning Iron & Steel Mfg. Co., Appellant.

*Negligence—Master and servant—Unguarded wall—Contributory negligence—Case for jury—Witness—Competency of witness.*

Where a workman employed in a mill enters his master's premises on a dark morning and in proceeding to the department where he worked, walked along the top of an eighteen-inch wide wall adjoining a pit and by a misstep caused by the confusion resulting from the darkness, and by escaping steam falls into the pit and is injured, he is entitled to a verdict and judgment in his favor against his employer, if the evidence shows that the wall was unguarded, that it was the usual way for the workmen to go to their work, and that defendant knew this, that although there were other ways, this way was the safest under all the circumstances, that the place was usually lighted but not on this particular morning, and there is testimony of a witness employed in several other places of a similar character, that pits of the kind in question were usually guarded and ought to be guarded.

The reason that supports the rule requiring a master to keep reasonably safe the place in which his servant actually performs his work, necessarily extends the rule to the means provided by the master on his own premises, by which the servant obtains access to his working place.

The competency of a witness and the extent of the knowledge he possesses, which must determine his competency, are largely matters of discretion for the trial judge.

Argued May 11, 1915.    Appeal, No. 182, April T., 1915, by defendant, from judgment of C. P. Armstrong Co., Sept. T., 1913, No. 120, on verdict for plaintiff in case of W. H. Glenn v. Kittanning Iron & Steel Manufacturing Company.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before KING, P. J.

The circumstances of the accident are set forth in the opinion of the Superior Court.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were various instructions and rulings on evidence.

*R. L. Ralston*, with him *James Rayburn*, for appellant, cited: Foard v. Rath, 33 Pa. Superior Ct. 182; Weaver v. Carnegie Steel Co., 223 Pa. 238; Curtis v. De Coursey, 176 Pa. 446; Johnson v. Wilcox, 135 Pa. 217; LeGrand v. Wilkes-Barre, Etc., Traction Co., 10 Pa. Superior Ct. 12; Solt v. Williamsport Radiator Co., 231 Pa. 585; Chestnut v. Autocar Co., 53 Pa. Superior Ct. 1; Thompson v. B. & O. R. R. Co., 218 Pa. 444; Cunningham v. Fort Pitt Bridge Works, 197 Pa. 625; Closser v. Washington Twp., 11 Pa. Superior Ct. 112; Musick v. Latrobe Borough, 184 Pa. 375.

*C. E. Harrington*, with him *H. N. Snyder*, for appellee, cited: Franczak v. Nazareth Cement Co., 42 Pa. Superior Ct. 263; Liptak v. Kurrie, 244 Pa. 117; McGeehan v. Hughes, 223 Pa. 524; Curry v. Atlantic Refining Co., 239 Pa. 302; Lee v. Electric Light & H. Co., 140 Pa. 618; Weaverling v. Thropp, 237 Pa. 163; James v. Snellenburg, 244 Pa. 365; Stewart v. Central R. R. Co., 235 Pa. 311; Esher v. Mineral R. R., Etc., Co., 28 Pa. Superior Ct. 387.

OPINION BY HEAD, J., March 1, 1916:

The first and second assignments of error complain respectively of the refusal of the learned trial judge to direct a verdict for the defendant and to enter judgment n. o. v. in its favor. In considering these assignments we must regard as established every fact favorable to the plaintiff that is supported by testimony and every like favorable inference that may be drawn from such facts. With the conflict in the testimony on the subject of the plaintiff's contributory negligence we have no concern.

As we said in Clegg v. Seaboard Steel Casting Co., 34
Pa. Superior Ct. 63: "There was indeed very strong and
persuasive testimony from which the jury might well
have reached a different conclusion on this question, and
the tenor of the general charge and the answer to the
defendant's first point show that the trial court was duly
impressed by it.  But that court had no right, nor have
we any, to usurp functions which, from time immemorial,
the law has committed to another tribunal."

The plaintiff was an employee in the mill of the de-
fendant company.  The shift on which he worked began
operations at six o'clock in the morning, and he was re-
quired to report for duty at that time.  On a dark frosty
and foggy morning in January he entered the millyard
at a few minutes before six and stopped at the engine
house to warm himself.  From that point he started in
due time to enable him to reach the casting hall, where
he was to work, at the required hour.  In crossing the
yard to reach his destination, he traveled for a part of
the way along the top of an eighteen inch wide wall ad-
joining a pit about six or eight feet deep used in connec-
tion with what is called the "pig machine."  There was
ordinarily an electric light at the dangerous point which
would enable him to see where he was traveling.  He not
only used that way habitually himself but it was so used
by the other workmen.  On the morning in question this
light was not burning.  Steam was escaping from the pig
machine, and in the confusion resulting from these causes
the plaintiff missed his footing and fell into the pit.  His
testimony as to these facts is corroborated by that of
other witnesses and the verdict of the jury has estab-
lished it was credible.  Under these circumstances the
learned trial judge could not, as we view it, have rightly
declared, as matter of law, that the plaintiff had been
guilty of contributory negligence.  He agrees there were
other ways by which he could have entered the millyard
and proceeded to the casting hall.  But he declares they
were all dangerous on account of the shifting trains in

166 GLENN v. KITTANNING I. & S. MFG. CO., Appellant.

Opinion of the Court.    [62 Pa. Superior Ct.

the yard, and that, in his judgment, the route he adopted was the best one open. Although he is strongly contradicted as to this branch of his case, nevertheless his testimony necessarily carried the question to the jury. The first and second assignments must therefore be dismissed.

The third assignment complains of the refusal of the court to charge that the relationship existing between the plaintiff and defendant at the moment of the accident was only that of licensee and landowner and not that of master and servant. We have no doubt of the correctness of the answer of the learned trial judge. In Clegg v. Steel Casting Company, supra, the situation there presented is almost exactly that in the case now before us. In that case we said :—"The same reason that supports the rule requiring the master to keep reasonably safe the place in which his servant actually performs his work, would necessarily extend the rule to the means provided on his own premises, by which the servant obtains access to his working place." The third assignment is dismissed.

The fourth assignment alleges error in the refusal of the court to affirm the following point: "Under all the evidence in the case the plaintiff did not attempt to walk the wall by invitation of the defendant, and there can be no recovery." It was not at all necessary to the integrity of the plaintiff's case that there should have been an actual invitation extended by the master to his employees to use the walk on the top of the wall. It was quite sufficient, if the testimony tended to show, as it did, that this way was habitually and constantly used by considerable numbers of the employees, and that this daily use was under the eye and with the knowledge of the superintendent of the plant. There was no error therefore in the refusal of the court so to charge and this specification is overruled.

The fifth specification again complains that the learned trial judge refused to charge, as matter of law, that the plaintiff was guilty of contributory negligence. We

have already observed that the facts upon which this point is predicated were disputed and that the conflict in the testimony necessarily carried that question to the jury.

It was important the jury should know whether or not the way traveled by the plaintiff on the morning of his injury was the usual and ordinary way adopted by the men generally. If it was, it is difficult to see how the plaintiff could be convicted of contributory negligence in following the practice thus generally observed by his fellow workmen. As a consequence, it could not have been reversible error for the learned judge to admit the testimony complained of in the sixth assignment. The same testimony from another witness is complained of in the seventh assignment, and the witness delivering that testimony, who was familiar with the various means of access to the millyard, stated that from his own observation he regarded the route traveled by the plaintiff and the other employees as the safest way under all of the circumstances.

In like manner the witness, whose testimony is complained of in the eighth assignment, after stating his experience in working in various mills, was permitted to say, over the objection of the defendant, that according to his observation, such excavations were usually guarded and ought to be guarded. Objection is made that the witness was not sufficiently qualified to warrant him in giving an opinion on that subject. The competency of a witness and the extent of the knowledge he possesses, which must determine his competency, are largely matters of discretion for the trial judge. The witness testified that he had been a master mechanic for sixteen years; that he had worked in the mills of the Jones & Laughlin Company; the Wheeling Iron & Steel Company; the Kittanning Iron & Steel Company, the defendant, and the Furnace Run Machine Shop. He testified, that according to his observation, open pits and excavations of the character of the one in question were usually

protected by guard rails. We are not prepared to say that the learned trial judge was guilty of such an abuse of discretion in permitting him to express his opinion as to warrant us in reversing the judgment. If the testimony of the plaintiff, as before stated, was accepted by the jury, he was certainly free from contributory negligence. There was evidence to warrant the jury in finding that the defendant had not complied with its legal duty of exercising care according to the circumstances, and it became a question for the jury, under proper instructions from the court, to determine what was care under the circumstances existing on the morning of the accident. Both of these questions were submitted in a charge, of which no reasonable complaint can be made.

We think the case was fairly tried, the verdict was a moderate one, and the judgment should not be disturbed.

Judgment affirmed.