## Shuster v. Jaffola & Mark, Inc.

*Edmonds, Obermayer & Rebmann,* for plaintiff.

*Swartz, Campbell & Henry,* for defendant.

MacNeille, J., March 20, 1935.—This case was tried before a jury and a verdict rendered in favor of the plaintiff for the sum of $750. Defendant has moved for judgment n. o. v. and plaintiff has filed a motion for a new trial.

Plaintiff's motion for a new trial is based on the ground of inadequacy of verdict. The injuries to the plaintiff were serious, entailed a great amount of pain and suffering. Although he was incapacitated for a long time, he received his pay, but his medical expenses and things incidental thereto amounted to $417.90.

We think the verdict was inadequate and on this ground the plaintiff would be entitled to a new trial.

We have yet to consider the defendant's motion for a judgment n. o. v. The plaintiff was a city assistant engineer, whose duty it was from time to time to inspect the South Broad Street Subway which was under construction. On the day of the injury he entered this subway at Tasker Street, and had walked along the east mezzanine floor southwardly toward Morris Street for several hundred feet when he fell over an unguarded stairway well, dropping a distance of about 11½ feet to a lower level of the subway known as the train level, in this way receiving serious injuries. When he entered the subway he saw it was not lighted, and although it was dark he proceeded to grope his way along the mezzanine walk. He had not been down to the subway for about 4 weeks prior to the accident, and the last time he was there the stairway wells were properly guarded, but on the day of the accident the stairway down which he fell was open and unguarded and he did not have a flash light. Defendant urges

that this was contributory negligence on the part of the plaintiff and he should not be permitted to recover.

The testimony produced on behalf of the plaintiff revealed strong and persuasive reasons from which a jury might well have reached a different conclusion on the question of contributory negligence, but the court has no right to usurp functions which from time immemorial the law has committed to another tribunal: Clegg v. Seaboard Steel Casting Co., 34 Pa. Superior Ct. 63; Glenn v. Kittanning Iron & Steel Mfg. Co., 62 Pa. Superior Ct. 163. The contractor on his part, having possession of his employer's premises, is required to exercise a reasonable degree of care with reference to the employes of the owner of the premises engaged in necessary work therein: Turner v. Robbins et al., 276 Pa. 319.

There can be no doubt that the defendant was guilty of negligence, inasmuch as it permitted the covering of the stairway well to be removed between the time that the assistant engineer had been there and the day of the accident without giving him any notice of the changed condition, and because of the fact that it did not have the place lighted. We do not think that we could say that the plaintiff was guilty of contributory negligence as a matter of law. This question was properly submitted to the jury.

In Curry v. Atlantic Refining Co., 239 Pa. 302, 306, plaintiff had been employed by the defendant for 3 months prior to the accident. While passing along a small railroad track, by a usual path, plaintiff tripped upon some iron bars and fell over a wheelbarrow, receiving injuries. The night was dark and the negligence charged was the failure to have the pathway sufficiently lighted. On the subject of contributory negligence, the court said: "While the night was dark, it was not shown that he had any reason to suppose that the passageway was hazardous."

In the case of Donohue v. Western Union Telegraph Co., 57 Pa. Superior Ct. 251, 259, the plaintiff, desiring to send a telegram in an office where she had never been before, and finding the usual window closed, walked along a dark hallway reserved for employees to reach a rear room, and fell down a trap opened by a plumber not employed by the defendant. In discussing the contributory negligence of the plaintiff, the court said: "But it is apparent to us that the line of conduct that would be followed by a reasonable man under such unusual circumstances is not so plain that a trial court could say, as a matter of law, that she had gone outside the suggestions of reasonable prudence."

Similar conclusions were also reached in the following cases: Turner v. Robbins et al., 276 Pa. 319, in which the plaintiff, an employee of a railroad company, walked backward in the dark into a repair pit, dug by the defendant, which was not properly guarded; Baker v. Ellis, 248 Pa. 64, in which a teamster required to place goods upon the floor of an elevator, fell into the unguarded shaft, due to darkness; Reid v. Linck, 206 Pa. 109, where a customer in a store, due to darkness, fell into an unguarded elevator shaft; Connelly v. Faith et al., 190 Pa. 553, where an electrician, due to the darkness, stepped into scalding water; Mullen v. McGeagh, 88 Pa. Superior Ct. 381, where a woman fell down stairs, after having attended a lecture, due to darkness and triangular treads on the steps; Kinsey v. Locomobile Company of America, 235 Pa. 95, where a chauffeur fell down a dark and unguarded elevator shaft in a public garage; John v. Reick-McJunkin Dairy Co., 281 Pa. 543, in which an employe, while using a permissive walk, fell over an embankment of dirt thrown upon the way, due to darkness.

Also in the following cases, it has been held that whether walking in an improperly lighted place is contributory negligence or not, is a question of fact for the jury:

Places of amusement: Haugh et al. v. Harris Brothers Amusement Co., 315 Pa. 90; James v. Smith, 93 Pa. Superior Ct. 485; Rutherford v. Academy of Music, 87 Pa. Superior Ct. 355; Leckstein v. Morris, 80 Pa. Superior Ct. 352.

Steps leading down to the basement of a restaurant: Coxey v. Guala et al., 112 Pa. Superior Ct. 460.

Railroad company station platform: Hall v. Bessemer & Lake Erie R. R. Co., 36 Pa. Superior Ct. 556.

Similar conclusions have been reached in the following cases, in other jurisdictions: Yost v. Atlas Portland Cement Co., 191 Mo. App. 422, 177 S. W. 690, where a foreman of a cement plant fell through a manhole into a coal bin because of insufficient light; Roth v. Buettell Bros. Co., 142 Iowa 212, in which the plaintiff fell down an elevator shaft due to darkness and defective equipment; Roloff, Admx., v. Luer Brothers' Packing & Ice Co., 263 Ill. 152, where a painter in a packing plant was thrown under the shaft of an ice machine due to insufficient light; Kaler v. Swift & Co., 173 Ill. App. 135, where plaintiff stumbled over objects in the dark and was thrown against an iron pipe; Dickson, Admr., v. The George B. Swift Co., 238 Ill. 62, in which the plaintiff stepped into a hole made by the removal of boards from a scaffold not visible due to darkness, while a building was in the course of construction; Petera v. Railway Exchange Bldg. (Mo. App.), 42 S. W. (2d) 947, where an employe of a transit company that was a tenant of the defendant, while walking through the hallway which had no light, stepped on a piece of soap and was injured; Seyford v. Southern Pacific Co., 216 N. Y. 613, reversing 159 App. Div. 870, where an electrician, while working on a steamship, fell through an open hatch in the deck of a dimly lighted coal bunker to the deck below; Werner v. Wietor et al., 183 Ill. App. 273, where the plaintiff fell into a bin, due to insufficient light; Bausert v. Thompson-Starrett Co., 126 App. Div. (N. Y.) 332, where a prospective employe fell into an elevator shaft pit, due to darkness in a building in the course of construction.

The cases cited by the defendant are distinguishable from the cases here involved. In Ingram v. Lehigh Coal & Navigation Co., 148 Pa. 177, a night watchman whose duties continuously took him through an unlighted plant, but who knew that he would have to travel through an unlighted plant before he started on his duties and who had a lantern with him which he did not light, was held to be guilty of contributory negligence. In Conboy v. Osage Tribe No. 113, 288 Pa. 193, the plaintiff could have easily located the switch to put on the light on the stairway where the plaintiff fell. In Smalley v. First National Bank of Wilkinsburg, 86 Pa. Superior Ct. 280, the plaintiff went to the bookkeeping department of a bank on the second floor, after banking hours, through an entrance used by the employes. In Davis v. Edmondson, 261 Pa. 199, the plaintiff, a musician, who was for his first time in a hall which was rented for dancing purposes, stepped out in the dark onto a wooden platform in the rear of the building where he had no right to be. In Hoffner et ux. v. Bergdoll, 309 Pa. 558, the plaintiff, in entering her place of employment, rejected the stairway from Eighth Street provided for employes and sought her way about in a dark room where she had never been before, near the freight elevator where she had no right to be. In Murray v. Earl, 282 Pa. 517, the fall was due to the fact that the plaintiff did not look where he was going. In McVeagh et al. v. Bass, 110 Pa. Superior Ct. 379, 380, the plaintiff walked "into a dark store where she had

never been before. She knew nothing of the lay-out of the store . . . she was not bound by any duty to proceed into the store, but could have left immediately and purchased elsewhere as soon as she saw that the place was not open for business". In Decker v. East Washington Borough, 21 Pa. Superior Ct. 211, the plaintiff failed to look for the handrail, the absence of which caused the injury.

Where fair-minded men might honestly differ as to whether the conduct of the plaintiff was such as an ordinary prudent person would have pursued under the conditions existing at the time he was called upon to act, it cannot be said as a matter of law that he was guilty of contributory negligence, and the question must be left to the jury.

In the instant case it was the duty of the plaintiff, as assistant engineer for the city, to make an inspection of the subway. The contractor knew that this duty could be exercised, and probably would be exercised, at any time during the course of the work. When the plaintiff goes where it is his duty to go, if he does so under the circumstances as they are shown to be in this case, we cannot say as a matter of law that he was quilty of contributory negligence.

Of course in considering the plaintiff's case we have drawn in his behalf the most favorable inferences from the testimony. This we should do for the purpose of considering this motion.

Wherefore, the plaintiff's motion for new trial is granted and the defendant's motion for judgment n. o. v. is discharged.