GEORGE E. YOST, Respondent, v. ATLAS PORTLAND CEMENT COMPANY, Appellant.

St. Louis Court of Appeals, June 8, 1915.

1. **MASTER AND SERVANT: Injury to Servant: Safe Place to Work: Questions for Jury.** In an action by an employee for injuries sustained while employed as a shift foreman in charge of defendant's cement plant, by falling through a manhole into a coal bin, brought on the ground of negligence in not providing sufficient lights in and about that part of the plant, *held*, under the evidence, that the questions of negligence and contributory negligence were for the jury.

2. ———: ———: ———: **Insufficient Light.** The duty to furnish light—that is, to exercise ordinary care to see that a place of work is so lighted at night as to make it a reasonably safe place for an employee to pass over in the performance of his duty—is a continuing duty resting upon the master, for the breach of which, proximately resulting in injury to the employee, in the exercise of ordinary care for his own safety, the master is liable.

3. **TRIAL PRACTICE: Demurrer to Evidence: Rules of Decision.** In passing upon a demurrer to the evidence, the evidence must be viewed in the light most favorable to plaintiff, giving him the benefit of any inference favorable to him which may be fairly and reasonably drawn therefrom; and if the evidence is reasonably susceptible of two inferences, one lawfully support-

ing a right of recovery and the other fatal to plaintiff's case, leaving room for reasonable men to differ with respect thereto, the case is for the jury.

4. MASTER AND SERVANT: Injury to Servant: Assumption of Risk. Where a master is negligent in failing to exercise ordinary care to perform the continuing duty to furnish an employee with a reasonably safe place in which to work, the danger arising therefrom is not a risk assumed by the employee.

5. NEGLIGENCE: Pleading: Specific Negligence: Proof of one Negligent Act Sufficient. Where specific acts of negligence are pleaded, plaintiff must recover, if at all, upon one or more of such negligent acts constituting a cause of action; but he need not prove every negligent act charged, and it is sufficient if, keeping within his petition, he prove actionable negligence.

6. MASTER AND SERVANT: Injury to Servant: Instructions: Assumption of Facts. In an action by an employee for injuries sustained while employed as a shift foreman in charge of defendant's cement plant, by falling through a manhole into a coal bin, brought on the ground of negligence in not providing sufficient lights in and about that part of the plant, *held* that an instruction submitting plaintiff's theory of defendant's negligence, which did not require the jury to find that there was any negligence on the part of defendant in leaving the manhole open, but did require a finding that it was in fact open and that defendant had negligently failed to cause the premises in question to be so lighted as to enable plaintiff to discover such opening "in the ordinarily careful performance of his duties, and that plaintiff, by reason of said negligence and want of care, if any, on the part of defendant, and as the result thereof, and without fault on his part, fell into said coal tank," whereby he was injured, was not objectionable as assuming some negligence on defendant's part with respect to such manhole.

Appeal from Ralls Circuit Court.—*Hon. William T. Ragland*, Judge.

AFFIRMED.

*Geo. A. Mahan, Albert R. Smith* and *Dulany Mahan* for appellant.

(1) Plaintiff was vice-principal of the defendant and was injured by his own carelessness and by serv-

ants who were his subordinates. He has no cause of action against the defendant, and defendant's demurrer should have been sustained. McGrory v. Railroad, 118 S. W. 710, 23 L. R. A. (N. S.) 301; Linemueller v. Arthur, 53 So. 500, 127 La. 500; Langdon-Creasy Co. v. Rouse, 72 S. W. 1113; Evans v. Railroad, 62 Mo. 49; Minster v. Citizens' Ry. Co., 53 Mo. App. 280; Cole v. Jones, 159 Mo. App. 473; Seaman v. Koehler, 122 N. Y. 646; Zumalt v. Railroad, 175 Mo. 311.   (2)   Defendant was not guilty of negligence. The plaintiff had full knowledge of the conditions. The evidence shows that the lid was properly constructed and the electric lights in proper condition except when they grew dim by burning, which plaintiff had a right to remedy. He assumed all the risk incident to his employment and cannot recover. Woelflen v. Lewiston & Clarkson Co., 95 Pac. 493, 49 Wash. 405; French v. Railroad, 24 Wash. 83, 63 Pac. 1108; Langdon-Creasy Co. v. Rouse, 72 S. W. 1113; Steeple v. Box Co., 33 Wash. 344, 74 Pac. 476; Bradley v. Forbes Tea & Coffee Co., 213 Mo. 320; Harper v. Green, 168 Mo. 312; Geraci v. Construction Co., 124 Mo. App. 709; Lee v. Railroad, 113 Mo. App. 388; Charlton v. Railroad, 200 Mo. 433; Smith v. Packing Co. 111 Mo. App. 13; Gummerson v. Kansas City Bolt & Nut Co. 171 S. W. 959; Braden v. Railroad, 161 S. W. 279.   (3)   Under any consideration of the case the record shows that plaintiff was guilty of negligence which contributed directly to his own injury. Smelser v. Railroad, 170 S. W. 1124; Sissel v. Railroad, 214 Mo. 529; Modlagl v. Iron & Foundry Co., 248 Mo. 587, 599; Miller v. Railroad, 175 Mo. App. 349, 351; Jones v. Morgan Bros. (Wash.), 88 Pac. 626; Bailey v. Stix, Baer & Fuller Dry Goods Co., 149 Mo. App. 656; Piepho v. Merchants Loan and Trust Co., 168 Ill. App. 511; Burnett v. Worcester Brewing Corporation, Mass., 106 N. E. 597; Seyford v. Southern Pac. Co., 159 App. Div. (N. Y.), 870.   (4)   The court committed error in giving plaintiff's instruction num-

ber 1.   (a) Because when specific acts of negligence
are charged in the petition it is essential that the in-
struction submitting the issue to the jury shall require
a finding of the facts of the negligence so charged.
May v. City of Hannibal, 172 S. W. 471; Chitty v. Rail-
road 148 Mo. 64; Beaver v. St. Louis Transit Co., 212
Mo. 331; Allen v. St. Louis Transit Co., 183 Mo. 411.
(b)   Because it is a well-settled doctrine that where
specific acts of negligence are charged in a petition
plaintiff can recover only upon proof of the specified
negligence.   Crone v. Oil Co., 176 Mo. App. 344; Mc-
Grath v. Transit Co., 197 Mo. 97; Israel v. United
Railway Co., 172 Mo. App. 656; Roscoe v. Metropolitan
Street Railway Co., 202 Mo. 576.   (c) Because it is
error to assume the negligence pleaded in the petition,
for plaintiff having asserted the facts concerning the
negligence laid must be held to prove them.
May v. City of Hannibal, 172 S. W. 471; Orcutt v. Cen-
tury Building Co., 201 Mo. 331; Miller v. United Rail-
way, 155 Mo. App. 134.

*J. L. Burns, W. A. Dudley* and *Jack Briscoe* for
respondent.

(1)   Plaintiff was a forman having specific duties
to perform.   The system of lighting defendant's plant
was provided by defendant and beyond plaintiff's con-
trol.   A foreman executing specific limited powers is as
much entitled to a safe place to work as any other
servant.   Combs v. Construction Co., 205 Mo. 367, top
page 379; Morton v. Barr Dry Goods Co., 126 Mo. App.
377, l. c. 385, and cases there cited; English v. Shoe
Co., 145 Mo. App. 439, 451.   (2)   Plaintiff was not
injured by his own negligence, nor does a servant in
any case assume the risk arising from the negligence
of the master.   Erwin v. Telephone Co., 173 Mo. App.
508, 535, and cases cited thereunder; Carleton v. Rail-
road, 200 Mo. 413, 433; Bible v. Railroad Co., 169

Mo. App. 519, 532; Curtis v. McNair, 173 Mo. 270; George v. Railroad Co. 225 Mo., 364, 407; Blanton v. Dold, 109 Mo. 64; Settle v. Railroad Co., 127 Mo. 336; Bradley v. Coal Co., 167 Mo. App. 177. Nor does the fact that the box-tender opened the trapdoor and left it open constitute any defense. They were put there to be opened under the circumstances of this case and even supposing that he was negligent in leaving it open, if the absence of proper light as the jury found, was the cause of the injury, the plaintiff should still recover. The negligence of a fellow servant must be the sole cause of the injury to constitute a defense. Deweese v. Mining Co., 54 Mo. 476; Johnson v. Bolt & Nut Co., 172 Mo. App. 214; Johnson v. Construction Co., 173 S. W., 1085; Irmer v. Brewing Co., 69 Mo. App. 17; Steffon v. Mayer, 96 Mo. 424; Thompson on Negligence, page 981. (3) The defendant was guilty of negligence in placing only eight or nine small electric lights to light up this vast platform, as long as a city block, with sixty-four manholes in it to be passed over from time to time by its servants. These manholes, or trapdoors, were put there to be opened from time to time. There had been previously sixteen or seventeen lights on the same space, eight of which had been removed. Irmer v. St. Louis Brewing Co., 69 Mo. App. 17; Mertz v. Lesdun & Sons Rope Co., 174 Mo. App. 109; Carney v. Brewing Assn., 150 Mo. App. 437, 444; Strobel v. Manufacturing Co., 148 Mo. App. 22, 33; Glazer v. Rothchild, 221 Mo. 180; Young v. Shickle H. & H. Co., 103 Mo. 324. That being the case, the questions of negligence and contributory negligence were for the jury to determine under the directions of the court. Reisert v. Williams, 51 Mo. App. 13; Holman v. Iron Co., 152 Mo. App., 672; Huhn v. Railroad Co., 92 Mo. 450; Powers v. Transit Co., 202 Mo. 267, 280, and cases cited thereunder; Carney v. Brewing Assn., 150 Mo. 437. (4) Appellant's point 4 is not well taken for several reasons: First, A plaintiff

is not obliged to rely on all the specifications of negligence contained in his petition or proven by the evidence, and it was competent, usual and proper to ask an instruction on the specification of insufficient light and not on the others. Second, the instruction number 1, given for plaintiff does not assume that the trapdoor or opening in the tank was negligently left uncovered. It would seem from the testimony that under the circumstances it was proper to remove the cover; but, however that may be, the jury were not called upon to find anything regarding the tank except that it was uncovered at the time of the injury and that the defendant had negligently failed to cause the premises in the vicinity of said platform to be so lighted that the plaintiff would have discovered said opening in said platform in the ordinarily careful performance of his duties. Third, The instruction predicates our right to recover upon one of the specific grounds set up in the petition. No general allegation of negligence is relied on at all, but, defendant is entirely wrong in asserting that we were obliged to submit to the jury all the grounds specified in the petition. Fourth, The defendant is wrong again in stating that the instruction assumes that plaintiff was in the exercise of ordinary care. It assumes nothing of the kind. It requires the jury to find as a fact, precedent to a right to recover, that the defendant had negligently failed to cause the premises to be lighted so that plaintiff in the ordinarily careful performance of his duty would have seen the opening. This was sufficient. But the instruction goes further and requires the jury to find that he was without fault. The court also in instruction number 2, defined negligence and ordinary care, so that the jury could not have gone wrong.

ALLEN, J.—This is an action for injuries sustained by plaintiff while in defendant's employ and

alleged to have been caused by defendant's negligence. There was a verdict and judgment below for plaintiff in the sum of $1000, and the case is here on defendant's appeal.

At the time of plaintiff's injury he was employed by the defendant corporation in the capacity of "shift foreman," in charge of a cement plant in Ralls county, Missouri. He was injured on the night of October 12, 1911, while in the discharge of his duties as foreman, by falling into an open manhole on the premises.

It appears that there were sixteen kilns on the first floor of this plant and above each kiln was a cylindrical coal bin about fifteen feet in diameter. The tops of these bins were level with and formed a part of a platform or floor, about twenty feet above the kiln floor, extending the length of the building, a distance of about three hundred and sixty feet. It appears that the coal was finely pulverized and was conveyed into each of these bins by means of a conveyor, and passed out through a funnel-shaped exit at the bottom thereof. A "conveyor box," about twenty-eight inches square, was situated above each bin. This platform was lighted by eight incandescent electric light bulbs, each of sixteen candle power; and ordinarily there was another such light at the head of the stairway leading up from the kiln floor. The coal bins were numbered from one to sixteen, beginning at one end of the platform, and an electric light bulb was suspended above the conveyor box, over each alternate bin beginning with bin number 2. There was no such light over bin number 1, into which plaintiff fell, but the light at the head of the stairway was near this bin, and was upon an extension cord, or insulated wire, and could be moved some distance.

It appears that there were four openings or manholes in each of these bins, two on each side of the conveyor box, the covers thereof forming a part of the platform. It is said that the pulverized coal would

sometimes stick to the sides of the bins making it necessary to open one or more of the manholes and push it down with a long stick or a longhandled shovel.

On the night in question, at about one o'clock, plaintiff discovered that the coal was not feeding properly into kiln number 1, and ascended the stairway above mentioned, in order to see what was the trouble with coal bin number 1, situated directly above this kiln. A workman, termed the "box tender," was upon the platform above this bin pushing down the coal from the sides thereof, working through what is spoken of in the testimony as the second manhole of the two situated at one side of the conveyor box; the other, or first manhole, being eighteen or twenty inches from this hole in which he was working. He had taken the electric light hanging at the head of the stairs, and had put it down into the bin, and had removed the covers from both manholes. Upon reaching the platform plaintiff saw that this man was raking down the coal, having taken the electric light for this purpose, and undertook to walk across the platform to the second manhole. He did not perceive that the cover had been removed from the first manhole, in his path, and fell into the open hole and was injured.

Plaintiff testified that it was so dark at this place that he was unable to see that the hole into which he fell was uncovered. The evidence is that the electric bulb suspended above the conveyor box on bin number 2, some distance away, cast but a feeble light upon bin number 1, and that the conveyor box, over which this hung, cast a shadow over the greater part of the uncovered hole into which plaintiff fell. It also appears that the glare from the burners on the kiln floor was very great, and that when one passed from that floor to the platform above it was more than ordinarily difficult to see with insufficient light.

It appears that both of these manholes, eighteen or twenty inches apart, opened into the same com

partment; but the testimony in plaintiff's behalf is to the effect that when an electric globe is suspended therein while the coal is being raked from the sides thereof, a heavy cloud of dust rises and obscures the light so that no glare therefrom is seen through these holes. One witness testified that under such circumstances the coal "makes a terrible fog," and that the incandescent light in the bin looks like a star, or "like a light in a dense fog."

The petition charges that plaintiff's injury was due to the negligence of defendant, (1) in allowing the first "trapdoor" in this coal bin to remain open, without warning to plaintiff of such fact, and (2) in not providing sufficient lights in and about such portion of the premises. The first of these, however, was abandoned at the trial, and the case went to the jury on the theory, alone, that there was substantial evidence to support the averments of the petition to the effect that defendant had negligently failed to furnish adequate light upon this platform, rendering the place not a reasonably safe one in which to work, by reason whereof plaintiff came to his injury.

It is urged that the trial court erred in not sustaining defendant's demurrer to the evidence. Much of the argument in support of this assignment of error is to the effect that plaintiff, being the foreman in charge of the building, was responsible for his own acts and that of his subordinates as well; and that if there was any negligence either in leaving open the hole into which he fell or with respect to the lighting of the place, it was his own negligence for which he cannot recover.

This argument might be sound if the case made by the evidence proceeded upon the theory of negligence on the part of the box tender in leaving open the manhole into which plaintiff fell; but this is not the fact. The case went to the jury upon the theory that there was evidence of negligence on the part of defendant

in failing to furnish adequate light, proximately re-
sulting in plaintiff's injury, sufficient to warrant the
submission of this issue.  And it appears that plain-
tiff, as shift foreman, was not responsible for the
lack of sufficient lights upon the platform.  It is true
that during his "shift," of eight hours each day, if he
found an electric light bulb broken or worn out it was
his duty to report it, and he did so; but he testified,
and it is not contradicted, that he had no authority to
install additional lights or any control of the method
of lighting the plant, except as stated above.  The
lack of sufficient light at the place in question, if any,
arose from the fact that defendant had not seen fit
to keep a permanent light over this coal bin so situated
as to light the platform about these manholes.  The
evidence is that originally, but prior to plaintiff's
employment, defendant maintained a light over each of
these sixteen bins, but that later one-half of these were
taken off, leaving a light over each alternate bin.  The
reason for this does not appear; but it was doubtless
for the sake of economy.  When the light at the head
of the stairway was suspended in bin number 1 (which
appears to have been a customary and proper use
thereof) there was no light over this bin; and the evi-
dence is that it was then so dark that one coming upon
the platform—at any rate until his eyes became ac-
customed to the darkness—could not well discern the
fact that a particular manhole was open.  This being
true we think that the evidence sufficed to take to the
jury the question of defendant's negligence in respect
to making reasonably safe the place in which plain-
tiff was required to work in the performance of the
duties of his employment.

The duty to furnish light, i. e., to exercise ordi-
nary care to see that the place was so lighted at
night as to make it a reasonably safe place for plain-
tiff to pass over in the performance of his duties, was
a continuing duty resting upon the defendant, for a

breach of which—proximately resulting in injury to plaintiff, while exercising ordinary care for his own safety—defendant may be held liable. [See Wendler v. Peoples House Furnishing Co., 165 Mo. l. c. 537, 65 S. W. 737; Carney v. Brewing Assn., 150 Mo. App. 437, 131 S. W. 165; Irmer v. Brewing Assn. 69 Mo. App. 17.]

From the evidence it cannot be said that plaintiff's injury was due to negligence on the part of the box tender in having both of these holes uncovered at the time. They were openings in the coal bin for use upon such occasions; and for aught that appears it may have been reasonably necessary to have both open on this particular occasion, while the box tender was actually working at the coal. On the other hand it does not appear from the evidence that it was always or even ordinarily necessary that they both be uncovered to rake down the coal; and hence it seems that the fact that plaintiff realized that one was open was not such notice to him that the other was uncovered also as to convict him of negligence, as a matter of law, in passing over the place where he met his injury, which place he says was a part of the "roadway" ordinarily used to reach the point to which he was going. The question of defendant's negligence and that of plaintiff's contributory negligence were, we think, for the jury.

It is a trite doctrine that in passing upon a demurrer to the evidence, the evidence must be viewed in the light most favorable to plaintiff, giving him the benefit of every inference favorable to him which may be fairly and reasonably drawn therefrom. And if the evidence is reasonably susceptible of two inferences, one lawfully supporting a right of recovery and the other fatal to plaintiff's case, leaving room for reasonable men to differ with respect thereto, the case is one for the jury. [See Powers v. Transit Co., 202

Mo. 1. c. 280, 100 S. W. 655; Morgan v. Mining Co., 100 Mo. App. 1. c. 118, 141 S. W. 735.]

The answer pleads both contributory negligence and assumption of risk; and great stress is laid upon the argument that plaintiff was thoroughly familiar with the situation existing, both as to the lighting of the place and the location of these manholes, and had used this platform, with these conditions prevailing, without objection, for the period of about two years during which he was shift foreman, and that consequently he must be held to have assumed the risk of such an injury as that which befell him. But under the law in this State, as declared by repeated pronouncements of our courts, if defendant was negligent in falling to exercise ordinary care to perform the continuing duty to furnish a reasonably safe place to work, the danger arising therefrom was not a risk assumed by plaintiff. [See Patrum v. Railroad, 259 Mo. 109, 168 S. W. 622; Crader v. Railroad, 181 Mo. App. 1. c. 537, 164 S. W. 678, and authorities cited.]

The questions involved on the demurrer are those of defendant's negligence and plaintiff's contributory negligence. As we have said, these we regard as questions for the jury, and hence we hold that the demurrer was properly overruled.

Complaint is made of plaintiff's main instruction, which does not require the jury to find that there was any negligence on the part of defendant in leaving this manhole in the platform open, but does require a finding that it was in fact open and that defendant had negligently failed to cause the premises in question to be so lighted as to enable plaintiff to discover such opening "in the ordinarily careful performance of his duties, and that plaintiff by reason of said negligence and want of care if any on the part of the defendant and as the result thereof and without fault

on his part fell into said coal tank,'' whereby he was injured.

It is said that the jury should have been required to find all of the specific acts of negligence charged in the petition. But this is a misconception of the rule which obtains where specific acts of negligence are pleaded. In such cases the plaintiff must recover, if at all, upon some one or more of such negligent acts charged which will constitute a cause of action in his favor. He is confined to the specific negligence pleaded (see Beave v. Railroad, 212 Mo. 331, 111 S. W. 52; Crone v. Oil Co., 176 Mo. App. l. c. 349, and authorities cited, 158 S. W. 417), but this does not mean that he must prove every negligent act charged. It is sufficient if, keeping within his petition, he prove actionable negligence.

It is also said that this instruction assumes that there was some negligence on defendant's part with respect to these manholes. But it quite clearly appears that this instruction neither assumes nor requires the finding that there was such negligence on defendant's part. The facts required to be found in this connection merely lead up to the negligence submitted, which has to do with the lighting of the premises.

Other questions raised are without merit or importance. We perceive no reversible error in the record, and the judgment should therefore be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.