DAVID CHAMBERS, Respondent, v. WALKER D. HINES, Director General of Railroads in charge of CHICAGO GREAT WESTERN RAILROAD, Appellant.

Kansas City Court of Appeals. May 2, 1921.

1. **PLEADING:** Amendments: Damages: Amendment During Trial as to Amount of Wages Lost by Plaintiff up to Time of Trial Properly Allowed.  Under section 1274, Revised Statutes 1919, the court did not err in permitting plaintiff in an action for personal injuries, during the progress of the trial, to amend his petition as to the amount of wages lost by him up to the time of trial.

2. **MASTER AND SERVANT:** Negligence: Contributory Negligence: Evidence Properly Admissible under Allegation as to Condition of Passageway in Roundhouse.  Where petition alleged that defendant railroad negligently failed to sufficiently illuminate and light a passageway in its roundhouse and did not maintain a passageway of reasonably sufficient width, as a result of which, plaintiff fell into a pit, the court did not err in admitting evidence; as to the presence of steam, tending to establish condition of darkness, in the roundhouse; obstructions in plaintiff's path tending to show same was not of sufficient width and faulty construction of roundhouse, the gist of plaintiff's cause of action being that he was not furnished a reasonably safe place in which to work, particularly where defendant charged plaintiff with contributory negligence in walking upon the passageway.

3. **EVIDENCE:** ''Relevant:'' Testimony is Relevant which Tends to Establish Contention of Party Producing it.  A fact is relevant which tends to render probable the contention of the party producing it, and though as a matter of evidence a fact does not become relevant merely because its existence is consistent with a party's claim, the court may receive aid from evidence which in itself is not relevant to any issue in the case, but is corroborative of other testimony on a disputed point.

4. **MASTER AND SERVANT:** Negligence: Whether Passageway in Roundhouse Sufficiently Lighted held a Question for Jury.  In an action for injuries to a servant who fell into a pit in roundhouse while walking along a passageway, the question as to whether

the roundhouse and passageway at the place where he fell was sufficiently lighted, *held* for the jury.

5. ——: ——: Contributory Negligence: Whether Plaintiff Guilty of Contributory Negligence in Failing to Choose Route Less Dangerous, held Question for Jury. Whether plaintiff was guilty of negligence as a matter of law in failing to use the means at hand for his safety, to-wit, a route less dangerous, *held* a question for jury.

6. ——: ——: Assumption of Risk: Servant Does Not Assume Risk of Master's Negligence. If defendant was negligent, and such negligence was the proximate cause of the injury, plaintiff could not assume the risk of such negligence.

7. APPEAL AND ERROR: Pleading Unnecessary Burden: Where one Ground of Negligence Alleged in Conjunctive is Sufficient to Warrant Verdict it is not Error to Submit Another Ground without Supporting Evidence, as Plaintiff Assumes an Unnecessary Burden Thereby. When grounds of negligence are stated in the conjunctive and the jury is required to find negligence in the several respects, then if one of the grounds of negligence is alone sufficient to warrant the verdict, it is not error merely because some other ground also submitted is without evidence to support it, as plaintiff merely imposes upon himself an unnecessary burden, the failure to carry which does not defeat his recovery.

8. DAMAGES: Excessive Verdict: $10,000 Reduced to $5,000, for Injuries to Nerves, Loss of Normal Use of Left Arm, Rendering Plaintiff Unable to do Manual Labor. A verdict for $10,000 for injuries to nerves, loss of normal use of left arm, rendering plaintiff unfit for manual labor reduced by trial court to $7,500 and further reduced to $5,000 on appeal as being excessive.

Appeal from the Circuit Court of Jacksoon County.— *Hon. Daniel E. Bird,* Judge.

AFFIRMED (*Conditionally*).

*Atwood, Wickersham, Hill & Popham* and *Elon Levis* for respondent.

*Warner, Dean, Langworthy, Thomson & Williams* for appellant.

ARNOLD, J.—This is a personal injury suit prosecuted by a servant against his master on the ground that the injury was caused by negligence of the master. Suit was brought against Walker D. Hines, director general of railroads, and Chicago Great Western Railroad Company, but the action later was dismissed as to the railroad company and afterwards John Barton Payne, as director general of railroads and agent of the President under the 1920 Transportation Act, was substituted for said Hines, director general.

Plaintiff, colored and 59 years of age, was employed as a fire builder in defendant's roundhouse in Kansas City, Missouri, and on January 3, 1919, at about 6:10 o'clock p. m. he fell into a pit in the roundhouse while on his way from the dressing room to the office to check out, and sustained injuries thereby which he alleges completely and permanently destroyed his earning capacity.

The petition charges that defendant negligently maintained a passageway for use of employees alongside an unguarded engine pit; that said passageway was of insufficient width, and insufficiently lighted, so that it was dangerous and not a reasonably safe place in which to work. The answer was a general denial and also charged plaintiff with contributory negligence in the use of the passageway and pleaded assumption of risk.

The roundhouse in which the accident occurred was fanshaped in its general contour and large enough to accommodate 8 tracks inside the roundhouse, said tracks being numbered from 1 to 8 inclusive, counting from the east side thereof. The turntable was on the north and outside the roundhouse. The width of the roundhouse structure from north to south was about 80 feet. The engines entered from the turntable at the north through large, double, swinging doors at each track. Beneath each track in the roundhouse, beginning about 8 feet from the north doors was an excavation or pit about 68 feet long and 4 feet deep. On the west side of the roundhouse and adjacent thereto were two wash rooms and locker rooms, the north one for white men and the

south for colored men employed at the roundhouse. The colored men were not allowed to use or be in the wash room reserved for white men, nor to pass through it, nor to be or remain therein. The office where the men were required to check in and out was northeast of, and detached from, the roundhouse.

Defendant maintained a passageway between track 8 and the west wall of the roundhouse, which passageway had a board floor for the use of employees in passing back and forth. This passageway, due to the fan-like shape of the structure, was about 7 feet in width at the south end, tapering to 4 feet at the north end, where it connected with a small door cut out of the westerly side of the west one of the two large doors at the north end of track 8, which said small door was provided for the use of employees in passing in and out of the roundhouse.

The testimony tends to show that at the time of the accident there was piled along the west side of the passageway above described and near the north or narrower end thereof some timbers that had been used in the process of repairing an engine on track 8, thus reducing the width of the passageway at that point to about 2½ feet. Plaintiff states the passageway was dark, obscure, dimly and insufficiently lighted. Further the testimony tends to show that the only artifical lights in the roundhouse were a series of oil lamps attached to the south wall, one at the end of each track, about 6 feet above the floor; and that there were no lights in the north side of the building. That plaintiff quit work and went to the dressing room shortly before the accident to lock up his tools preparatory to checking out; that while he was in the dressing room an engine was run in on track 8, the south end of it being within two or three feeet of the south end of the pit, thus leaving that part of the pit north of the engine unlighted and open for a space of 15 to 18 feet. The engine obstructed the light that was on the wall at the south end of the pit. The testimony further shows that while the plaintiff was in the dressing room an engine in the roundhouse was "blown down, "that is

208 M. A.—15

the steam was blown off, and that the steam therefrom filled the room and further obscured the lights.

At about 6:10 p. m. plaintiff emerged from the dressing room into the passageway and proceeded toward the small door at the north end thereof, as was his custom, and when near the north end, owing to the insufficient light and narrowed passageway, he fell into the pit and was injured.

The case was tried before a jury and resulted in a verdict for plaintiff in the sum of $10,000. Motions for a new trial and in arrest were overruled, a *remittitur* of $2500 was made by plaintiff and judgment for $7500 entered for plaintiff. Defendant appealed.

Defendant complains that the court erred in permitting plaintiff to amend his petition during the progress of the trial. The amendment related solely to the amount of wages lost by plaintiff up to the time of the trial. There was no amendment as to any of the allegations of negligence of the defendant and the issues were not changed. ''The allowing of such amendments to pleadings as do not change the character of the cause of action or defense is largely in the discretion of the court and should be permitted when the ends of justice so require.'' [McClanahan v. Boggess, 154 Mo. App. 600.] Section 1274, Revised Statutes 1919 (section 1848, R. S. 1909) provides: ''The court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return or other proceedings, by adding or striking out the name of any party, . . . or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved.''

It must be concluded that the court did not err in overruling defendant's objection to the amendment.

Defendant contends that the court erred in admitting incompetent, irrelevant and immaterial testimony: (a) As to the presence of steam in the roundhouse where plaintiff was injured; (b) obstructions in plaintiff's path; (c) faulty construction of the roundhouse.

The charges of negligence in the petition are "that the defendants and each of them negligently and carelessly failed and omitted to illuminate and light or have illuminated said engine house and the premises and said plank walk and said wells or pits and that by reason of the darkness and murkiness and the conditions herein complained of existing at said time and place, it was dangerous and not reasonably safe, and that defendants and each of them negligently and carelessly failed and omitted to furnish plaintiff a reasonably safe place to work, or reasonably necessary and sufficient light by which to work and perform his duties with reasonable safety; and negligently and carelessly failed and omitted to place about and around said wells or pits any guardrail, and negligently failed to maintain and keep said plank walk lighted or in repair, smooth, or even of reasonably sufficient width, and to furnish plaintiff a reasonably safe place in, about and around which to be, walk and perform his duties to defendants with reasonable safety, but negligently permitted said premises and said conditions to be as herein described and set forth; and the plaintiff alleges that the above conditions were to him unknown and unappreciated prior to said occurrence, but that the defendants, and each of them knew or by the exercise of ordinary care could have known, all the above facts, dangers and conditions, prior to his injury, and in time by the exercise of ordinary care to have remedied said dangers and conditions and thereby have prevented injury to plaintiff; all of which it was defendants' duty to do and which defendants negligently and carelessly failed and omitted to do."

The gist of plaintiff's cause of action, if he has any, is that he was not furnished a reasonably safe place in which to work. The testimony complained of simply tended to prove the allegations of the petition as to insufficient light. Proof of the presence of steam in the room because of the faulty construction of the building merely tended to establish the condition as to darkness and murkiness; and the evidence relative to the blocking

of the passageway tended to sustain the charge of negligence in that the way was not of sufficient width by reason of the presence of the blocks and was therefore dangerous. The testimony admitted by the court on these points, over the objection of defendant, was proper, upon the theory upon which the case was tried.

Defendant charged plaintiff with contributory negligence in walking upon the passageway. Testimony showing the condition thereof as to its safety was relevant and properly admitted.

This general principle of law is laid down in Cyc. 16, p. 1118, et seq.: "A fact is relevant which tends to render probable the contention of the party producing it . . . While as a matter of evidence a fact does not become relevant merely because its existence is consistent with a party's claim, the court may receive aid from evidence which in itself is not relevant to any issue in the case, but is corroborative of other testimony on a disputed point. In Baldwin v. Hanley, 216 S. W. 998, the court held that where a defendant was charged with negligence in not providing sufficient light to render a first floor a safe place in which to work, testimony as to the basement light was, under the circumstances appearing in the evidence, admissible under this allegation in the petition.

We have examined defendant's citations on this point and fail to find that any of them is determinative thereof.

Defendant contends that there was no evidence adduced in support of plaintiff's allegation of latent or unknown dangers. The testimony tends to show that the passageway was provided by the company for use of its employees in passing back and forth. Plaintiff testified that he knew of no other way to reach the office than by that passage. Besides the plaintiff, Robert Finley, George Kirscher, H. H. Eggleston, Clem Boling and M. R. Elder (night foreman) and others testified to the effect that the passage was so used. The testimony shows that

this passageway was especially narrow at the north end, being about 4 feet wide, and that blocking timbers left thereon by defendant reduced this already narrow width to about 2½ feet. It was also shown that it was practicable to have placed a protecting railing alongside the pit. Isaacs, general foreman, testified that he never used this passageway after dark, but went around the other way (presumably through the white men's wash room), and that when there was steam in the roundhouse it was difficult to see to get around. He also stated that there were obstructions of the light at the north end of the pit. There was testimony to the effect that there was no light at or near the north end of the pit, and that the steam made it "dark and murky." Witness Finley testified that it was dark after 6 o'clock on January 3, 1919.

Defendant's witness Elder testified that an engine on track 8 would obstruct the light and would cast a shadow on pit 8, and that to a certain extent it would be "cloudy and murky" in the roundhouse when engines were blown off therein. This witness also testified that the company had installed electric lights in the roundhouse before the trial. This may, or may not, have been competent testimony, but there was no objection and it is significant.

It must be concluded that the place was not sufficiently lighted. There was some testimony introduced on behalf of defendant that the place was lighted, but there is much evidence to the contrary, and it was a fact for the wise determination of the jury.

In Haggard v. Railroad Co., 220 S. W. 22, l. c. 24, the court held: "Under the decisions of this State there can be no doubt on the question of negligence in failing to provide sufficient lights at the place they put plaintiff to work. It is held in the very recent case of Baldwin v. Hanley, et al., 216 S. W. 998, that where an artificial light is necessary to render safe the place where the servant is required to work, the failure of the master to exercise ordinary care to provide such light renders him li-

able for consequent injuries. [See, also, De Late v. Loose-Wiles, 213 S. W. 885; Wright v. Packing Co., 199 S. W. 754; Yost v. Atlas-Portland Cement Co., 191 Mo. App. 422, 177 S. W. 690.]''

The chief contention between the parties at the trial was as to whether or not defendant negligently allowed and permitted the place where the accident occurred to be and remain so dark as to render it unsafe, and whether such unsafe condition was the proximate cause of plaintiff's injury. That the place was dark, too dark to see at the point of the accident, there is abundant testimony to show. There was sufficient evidence that such dark and insufficiently lighted condition was the proximate cause of the injury. The evidence showing these elements of defendant's liability so fully justified the verdict in plaintiff's favor that we find no reasonable ground for interference.

Defendant further argues that plaintiff was guilty of negligence as a matter of law which would deprive him of the right to recover even if defendant had been negligent, in that, if plaintiff knew the route taken by him was dangerous, he is guilty of contributory negligence in failing to use the means at hand for his safety, to-wit, a route that was less dangerous.

Two other routes were, by inference, suggested which plaintiff might have used: (a) One by a roadway on the south of the roundhouse used, as shown by the testimony, as a wagon road, but no connection thereto with the office is shown; and (b) the one along the south end of the tracks to the east side, thence north. But it appears that route was not available for employees because there were no doors other than the large ones through which the engines passed in and out of the building. The only small doors that were placed in the large doors for exit were in those opposite tracks 4 and 8. We, therefore, must conclude that the evidence tends to show that the route taken, viz., along the passageway at the west wall, was the only passageway that was boarded over and was the only one known to plaintiff. Further it is shown that

the only passageway that was boarded over was the one used by plaintiff. In the light of all the testimony adduced at the trial on the question of available routes, we are unable to say that plaintiff was guilty of contributory negligence as a matter of law.

The contention of defendant that there was assumption of risk by plaintiff is without substantial merit since if defendant were negligent, and such negligence was the proximate cause of the injury, plaintiff could not, under the rulings in this State, assume the risk of such negligence.

The charges of negligence in the petition are pleaded conjunctively. In Troutman v. Cotton Oil Co., 224 S. W. 1014, the court held (1. c. 1016) : "But when, as here, the grounds of negligence are stated in the conjunctive and the jury is required to find negligence in the several respects, then, if one of the grounds of negligence is alone sufficient to warrant the verdict, it is not error merely because some other ground also submitted is without evidence to support it. [171 Mo. App. 431, 443, 156 S. W. 1005; Gibler v. Railroad Co., 129 Mo App. 93, 101, 107 S. W. 1021.]" In such a case plaintiff merely imposes upon himself an unnecessary burden, the failure to carry which does not defeat his recovery. In the case at bar plaintiff sufficiently proved negligence with reference to the proximate cause of the injury, i. e., the insufficient lighting of the premises, and it is not material to determine whether or not the evidence supports the other allegations of negligence.

We fail to find any prejudicial error in the case and the verdict is for the right party.

There remains but one other question for determination, to-wit, the amount of the verdict ($7500) which defendant contends is excessive. There is much difference between the attorneys as to how seriously plaintiff is injured and the doctors are not agreed as to the seriousness and permanency of his injuries. Plaintiff contends that "the judgment is but small compensation for the terrible and lasting and totally incapacitating injuries

received.'' Defendant declares that '''this verdict and judgment are so disproportionate to the injury sustained by plaintiff that a *remittitur* would not be sufficient to meet the situation, and that the verdict and judgment should not be permitted to stand.''

This court is loath to interfere with the conclusions of the jury where there is proof to sustain the same. From a careful examination of the testimony in the case, however, we conclude that the verdict is in excess of what the facts would justify. Plaintiff testified that he went back to work in ten days after the accident and was engaged in ''cleaning house and wiping engines'' for a couple of days and then went back to building fires and continued working for a period of fifteen days, though he was not without suffering. Doctor Smith, plaintiff's witness, testified that he was called to attend plaintiff and examined him on January 4th, following the accident, found him in bed, bruised condition on inner side of left knee and over left arm and on shoulder and back and to a little below the left knee. He prescribed sedatives and liniments; saw the patient several times during the ten days he was at home, and again at the end of the fifteen days when he had been working. He advised plaintiff to stop work for a while. There were no scars and no bones were broken. The difficulty which had not been overcome, the Doctor testified, was ''somewhere in the nerves, the nerve supply to the joints.'' Further the testimony shows that plaintiff is unable to do manual labor, is compelled to use a cane in walking, that he suffers pain in his left knee, hip and left ear, and that he has not the normal use of his left arm.

We think the verdict should stand in an adequate sum and, therefore, direct that if within ten days plaintiff will remit $2500 therefrom as of date of the rendition of the judgment, we will permit the judgment to stand for $5,000, as of the date of its rendition. Should such *remittitur* be entered, the judgment above indicated will be affirmed; otherwise it will be reversed and the cause remanded. All concur.