CLARA KLING, RESPONDENT, v. KANSAS CITY, MISSOURI, APPELLANT.
—61 S. W. (2d) 411.

Kansas City Court of Appeals, June 12, 1933.

*Harry G. Kyle* and *Hume & Raymond* for respondent.

*George Kingsley,* City Counselor, *James R. Sullivan* and *Arthur R. Wolfe,* assistants for appellant.

SHAIN, P. J.—This is an action brought by the plaintiff, Clara Kling, respondent herein, for personal injuries alleged to have been caused by the negligent acts of the defendant City in that the City failed to place and maintain a barrier at the end of a sidewalk where immediately beyond it was sloping, rough and uneven. Respondent further alleges that the City failed to establish and maintain a street light at said point, that no barrier was maintained or other signs of public warning placed on or about the end of the said sidewalk, and that the City had failed to repair said place after it had knowledge of the existing condition.

The evidence discloses that Locust Street running north and south and 42nd Street running east and west are public streets of Kansas City, Missouri; that on the southeast corner of the intersection of Locust and 42nd Street there is situated an apartment building known as the Edgemere Apartment; that along the south side of 42nd Street there is a public sidewalk that extends east and west from Locust Street along the north side of said apartment building and extending to the rear of said apartment building where the sidewalk ends. The evidence further discloses that the plaintiff accompanied by her niece passed along this sidewalk at or about half-past twelve (12:30) on the A. M. of November 24, 1929, and that in passing from the end of the sidewalk plaintiff fell receiving the injuries complained of in this case. The plaintiff testified that she was not familiar with the existing conditions at the place of the accident.

It appears from the evidence that there was a street light at the west corner of Locust and 42nd Street, also a street light at 42nd Street and Gillham Road, which is the street after Locust, but no street light between the east side of Locust and Gillham Road and 42nd Street. The plaintiff's testimony is to the effect that it was dark in the neighborhood of the accident. There is testimony on behalf of the defendant that a door light at the rear of the apartment building and a garage sign around the corner of the building reflected on and gave light at the scene of the accident. The evidence is conclusive that there were no barriers at the end of the sidewalk, but is

conflicting on the question of holes and uneven condition of the ground after leaving the sidewalk.

The evidence of the plaintiff and her niece was that plaintiff was proceeding with care and caution. The defendant produced evidence that plaintiff had been to a drinking party and was drunk some two hours before the accident. Evidence on the part of the plaintiff was to the effect that there had been no drinking party and that plaintiff was sober.

Trial was by jury resulting in a verdict and judgment for the plaintiff in the sum of $1500 from which judgment defendant has appealed.

OPINION.

The appellant in its brief presents two (2) assignments of error as follows:

"I. The court erred in refusing defendant's demurrers offered at the close of plaintiff's case and at the close of all of the evidence because plaintiff did not comply with the provisions of Section 7493, Revised Statutes Missouri, 1929, regarding notice of accident.

"II. The court erred in giving plaintiff's principal Instruction No. 1."

The defendant's first contention goes to the very gist of the plaintiff's right of action. It is mandatory to the right of bringing an action for injuries received on sidewalks in cities of one hundred thousand inhabitants that within ninety days notice be given to the mayor of the city. In Section 7493, Revised Statutes 1929, it is provided that the notice must state the place where, the time when injury was received, the character and circumstances of the injury, and that damages will be claimed therefor. It is held, however, that the above statute should be liberally construed. [Ogle v. Kansas City, 242 S. W. 115.]

It has been further held that filing a petition within time is sufficient notice, provided however, that the petition contains the essentials of the notice required. [Johnson v. Kansas City, 272 S. W. 703.]

The petition in the case at bar was filed in the Circuit Court of Jackson County, Missouri, on December 26, 1929, and service was had on the City on the following day. The petition alleges that the injury occurred as follows: "That on November 23, 1929, about 12:15 P. M., the plaintiff was walking, etc.," to which the defendant filed answer on January 15, 1930. The proof was that the accident happened at about 12:15 A. M., on November 24, 1929. The petition was filed within the ninety days and the defendant joined issue by answer within ninety days. However, the question presented is as to whether or not the error as to time, as set out in the plaintiff's petition, is fatal to plaintiff's right to maintain this action. In the

case of Anthony v. City of St. Joseph, 152 Mo. App. 180, the accident occurred on the 13th day of August, 1908, while the notice to the city was that the occurrence was on August 14th. The court held, in the above case, that the variance of one day was fatal to the plaintiff's right to maintain the suit. In the case of Hackenyos v. City of St. Louis, 203 S. W. 986 to 1002, a most complete discussion is found. The opinion is by BAILEY, C. In that case the notice alleged as occurring, "on or about the 1st day of September, 1913, about 11 A. M." The evidence disclosed that the injury occurred on September 2, 1913. The majority opinion in that case holds that the words, "on or about," as used in the notice, are indefinite, uncertain, and imparted no notice to the defendant that the accident occurred on the 2nd day of September.

As bearing upon the question of liberal construction as to the notice of time, the majority opinion says:

"This may be true, in some instances, in passing upon matters contained in the notice, aside from the date of the injury mentioned therein, yet, unless the act is construed as mandatory, in respect to *time* of injury called for in said notice, it would leave the city to grope in the dark, and without information as to the *exact* date which the injured party intended to rely on at the trial. Even if the notice had read that the plaintiff was injured on September 1, 1913, she should not be permitted at the trial to recover when she was injured on the 2nd, or some other day of said month. If this plain provision in regard to the *time* contained in the notice can be evaded by showing a *different date* in regard to the accident, in many cases it would deprive the city of the very means contemplated by the Legislature of defeating fictitious and fraudulent demands." (Italics the court's.)

In so far as Hackenyos v. City of St. Louis is concerned, the conclusion cannot be escaped that the majority opinion goes to the limit in the declaration in respect to *"time."* The notice as to *time* is mandatory and admits of no variance whatever, further there is language in the opinion from which we conclude that if the statute had required notice of the hour that the naming of the next hour would be a fatal variance. In other words, while the majority opinion leans to the idea of liberal construction, as to other matters, when it comes to *time* the notices must be exact.

In the Hackenyos v. City of St. Louis case, GRAVES, C. J., and FARRIS and WILLIAMS, JJ., concur; BLAIR, J., concurs in result; WOODSON, J., dissents in a separate opinion, in which BOND and WALKER, JJ., join.

At pages 999 to 1000 of the reported case in the South Western, the dissenting opinion uses the following language:

"Clearly it was not the design of the Legislature to defeat, by a mere technicality, a righteous cause of action to recover damages for an injury caused by the negligence of the City, and not that of

the injured party; but the obvious intention was to place the salient facts of the case in the hands of the city officers, and thereby enable them, before the physical conditions of the street have changed, to ascertain whether the claim was true and just, or fictitious and fraudulent.''

Again on page 1000, the following is found:

''But it is argued that the notice given in the case at bar did not correctly state the time when the injury occurred, and therefore it is not within the letter of the saving clause of the statute; but, when we consider the purpose the statute was designed to accomplish, can it be seriously contended that it does not fall squarely within the spirit thereof? I think not. And as has been frequently said, by this and other courts, the spirit of a statute is the life of it, and is just as much a part thereof as if it had been written therein.''

As to the notice being specific as to *time,* Hackenyos v. City of St. Louis, supra, presents the controlling law in this State. Regardless of what our conclusions are concerning the merits of the presentation as found in the dissenting opinion, we are bound by the law, as declared by the majority opinion, unless the facts as presented in the case at bar can be distinguished from the facts as presented in the Hackenyos v. St. Louis, supra. Unless such distinction can be made, the plaintiff has no right to maintain this suit.

It is not only the duty of courts in interpreting statutes to ascertain, if possible, from all available sources the legislative intent and to give interpretation in accordance therewith, but it also becomes the duty of courts in the examination and interpretation of cases cited as precedent to, ascertain from all available sources, the judicial intent. In doing this it not only becomes necessary to examine the opinion itself with that in view, but also to examine and compare with later utterances of the court, if such can be found bearing upon the same issue. The judicial intent of the conclusions on the issue of notice of *time* is well expressed by the writer of the opinion in the Hackenyos case: ''If this plain provision in regard to the *time* contained in the notice can be evaded by showing a *different date* in regard to the accident, in many cases it would deprive the city of the very means contemplated by the Legislature of defeating fictitious and fraudulent demands.'' It follows that if it can be concluded that there was shown in the case at bar such a defect of notice as to *time* as will defeat the city's right in respect to the matter above set forth, then plaintiff cannot maintain this suit. From an examination of later cases wherein the same question was before the Supreme Court, we find that in the case of Reese v. City of St. Louis, reported in 280 Mo. 123, 216 S. W. 315, divisions two (2) of the Supreme Court took literally the expression as to notice as to time as it appeared in the Hackenyos case and decided that the

notice must state the *precise* time of the accident and that a notice which states that the accident occurred ''on or about the 27th day of March, 1914'' is not a compliance with the statute and the failure to give a proper notice is a complete bar to the action for damages. In a latter case, Boyd v. Kansas City, 237 S. W. 1001, the Supreme Court reversed the ruling in the Reese case and at page 1006 and 1007 of the opinion, as reported in the 237 S. W., says:

''The purpose of the law was not to lay a trap for honest claimants for personal injuries against cities, but to notify such cities of the time the injury happened, within ninety days after it did happen, so that the city would have a reasonable opportunity to ascertain the facts before they were lost or obscured by the lapse of time. We hold, therefore, that the notice served upon the mayor, in this case in all material matters and for all substantial purposes intended by the law, complied with the statute and was sufficient, and that our decision is in harmony with the decision of this court In Banc in the Hackenyos case, supra, and that the Reese case is not supported by said case of Hackenyos nor by the principles of construction which should be followed in interpreting said statute.''

In the opinion in the Boyd case we are materially helped in ascertaining the judicial intent as expressed in the Hackenyos case.

From this court's standpoint it becomes necessary before undertaking to determine as to whether the case at bar has distinguishing features from the Hackenyos case, to ascertain clearly the reason of the rule that is laid down in the Hackenyos case. If the facts of the case at bar present a condition wherein the reason of the rule does not apply then we must conclude that the rule does not apply. A traveler on the highways and byways of the law must heed well the sign-posts along the way or else he shall go astray. In the guideway of spiritual life it is said that the way is so plain that ''a blind man though a fool need not err therein,''—not so in secular matters. In the matters of law, ''wise men often differ'' and ''fools often enter where wise men dare not tread.''

Although the above is *dehors* the record it urges us to further research. In Merritt v. Kansas City, 46 S. W. (2d) 275, is reported a decision by this court wherein the petition served upon the mayor described the injury as occurring ''at a point twenty-five (25) feet north of 47th Street,'' but later in the petition the designation appeared as ''27th Street.'' The same was a clerical error and was discovered and changed before the petition was filed but no change was made as to the copy served upon the mayor. In the opinion in the above case, the court says:

''We are of the opinion that the petition served upon the mayor, even though it contained the error mentioned, was sufficient to substantially comply with every requirement of the statute. From

it the defendant could readily obtain the information that the defect in the street about which complaint was made was at a definite and certain location, being near the intersection of Forty-seventh Street and Troost Avenue. Defendant was also informed by said petition that at the time of plaintiff's injury she was walking 'towards said intersection' and that plaintiff did not know of the presence 'of said hole in said street,' and that she did not see 'said hole in said pavement.' The only street intersection referred to is that of Forty-seventh Street and Troost Avenue, and the only hole to which reference is made is specifically located and described.''

In the case of Wolf v. Kansas City, 246 S. W. 236, the question of construction of the statute as to notice was again before the Supreme Court and in that case the court, l. c. 240, says:

''Coming to the construction of the act of 1913, we are particularly puzzled by the use of the word 'until.' Were the word 'unless,' it would be perfectly intelligible, meaning that the defendant should be informed of the facts and intention of the injured party to sue within ninety days from the date of the injury, which would be, under the circumstances, a reasonable requirement. The word 'until' might be so construed that, if suit were brought the day after the injury without such notice, it could not be maintained for an instant, but would abate automatically. It would then express the intention of the Legislature to forbid the bringing of a suit against the city until he informed it of all the facts he would be permitted to prove at the trial and estop himself forever from correcting any mistake in his present information. Upon this construction the statute is not only equivalent to, the enactment of a Statute of Limitations of ninety days, but prescribes a rule of pleading which abolished the right of amendment in the cases to which it applies. To ascribe this intention to the Legislature is unthinkable.''

The question of the legislative intent of the act of 1913, in issue herein, has given rise to much judicial discussion, *arguendo* and otherwise, and as different facts and circumstances present different phases *arguendo*, it is hard to lay down a rule that will hold hard and fast in all cases. From our study of the cases bearing upon the issue herein we conclude that if the notice whether by separate written instrument or by copy of petition filed, be served within ninety days after the accident and said notice to be deemed of sufficient clarity as to place where, time when, and of the character and circumstances of the injury and that the person injured claims damages, then, in that event the notice is sufficient. Notice in the case at bar was by service of a copy of the petition. Among other things the plaintiff's petition recites, ''that on November 23, 1929, about 12:15 P. M., plaintiff was walking east along the said public sidewalk and was passing the Edgemere Apartment; that she did not know the sidewalk ended at the rear

end of said apartment building, and did not know that the street at said point was rough, uneven and dangerous to walk over; that it was dark and plaintiff was unable to see said rough, uneven and dangerous condition of said street.'' Further on, the plaintiff's petition recites, ''that it negligently failed to establish and maintain a street light at said point to light said street so that persons passing along said sidewalk could see the rough and uneven, dangerous portion of said street in the night time.''

It is plain from the language of the petition that the accident is alleged as occurring in the night time. The clerical error of alleging as in the night and as of ''November 23, 1929, about 12:15 P. M.,'' presents notice within itself of an inadvertent error. In common parlance, we speak of the night of the 23rd as including any time between dark of that evening until before daybreak of the next morning. One of the main objects of notice as to time, is that the city may be in a position to make an investigation as to the whereabouts and the condition of the injured party before and at the time of the accident. It appears from the evidence in the case at bar that the city had been given sufficient notice of the time as to enable the city to make such investigation and have witnesses at the trial who could testify as to the plaintiff's whereabouts, her condition and acts from ten P. M., until 11:30 P. M., of the night of November 23rd. Such notice as the city had seems to have met the requirements and notice that accomplishes the purpose, we deem is sufficient. We, therefore, conclude that within the spirit of the rule there is not presented a case of fatal variance.

As to defendant's second assignment of error it will be noted that the petition charges several acts of negligence and plaintiff's Instruction No. 1, requires the jury to find negligence in the several respects as plead. In such an instruction it is not in error by reason of the fact that a ground of negligence is submitted without evidence to support, if there are other acts of pleaded negligence included in the instruction sufficient to warrant a verdict and there is substantial evidence of said other acts. [Chambers v. Hines, 233 S. W. 949; Troutman v. Cotton Oil Co., 224 S. W. 1014.]

We conclude that the Instruction No. 1 complained of, is not in error. The judgment is affirmed. All concur.