CARLTON R. BENTON, ADMINISTRATOR OF THE ESTATE OF VIOLA ATCHLEY, DECEASED, RESPONDENT, v. KANSAS CITY, MISSOURI, A MUNICIPAL CORPORATION, APPELLANT.—168 S. W. (2d) 476.

Kansas City Court of Appeals. January 11, 1943.

386

*Clarence C. Chilcott* and *Preston Forsee* for respondent.

*William E. Kemp* and *John J. Cosgrove* for appellant.

388

BOYER, C.—Viola Atchley as plaintiff obtained judgment on a jury's verdict against Kansas City in the sum of $2000 for personal injury alleged to be due to the negligence of defendant. The city duly appealed. Plaintiff died before the appeal was presented. Upon suggestion of death and by agreement of parties the case was revived by an order of this court in the name of the duly appointed administrator, as shown in the present caption of the case.

The points presented on appeal pertain solely to the alleged error of the court in refusing to give defendant's instruction in the nature of a demurrer to the evidence, and in giving plaintiff's recovery instruction. One of the grounds urged in support of the demurrer is that plaintiff failed to give, and that the city never received, written notice of the *time* of plaintiff's alleged injury and her claim therefor as required by section 7636, Revised Statutes 1939, and that there was a fatal variance in the evidence from the allegations of the petition as to the time of the injury. There was no written notice served upon the mayor prior to the filing of suit, but the petition was filed and the defendant filed answer thereto prior to the expiration of ninety days after the alleged injury. The issue as to the sufficiency of notice was raised before trial in defendant's amended answer. The only question in reference to the pleadings and to the issue thus raised is whether the petition was sufficient to inform defendant of the *time* of the injury in conformity with the requirement of the applicable statute.

The petition alleges "that on or about the twenty-third day of September, 1933," while she was walking upon and over a public sidewalk constructed of broken rock or rubble she was caused to slip and fall, and as a direct result thereof she was seriously and permanently injured. During the trial plaintiff testified, both upon direct and cross-examination, that her injury occurred on the 22d day of September, 1933. There is no claim made by respondent that this was not the true date of the injury. But conceding that to be a fact, it is elaborately and strenuously urged that the notice afforded by the petition of an injury occurring on the 23d day of September, 1933, was a substantial compliance with the requirements of the statute in reference to notice of the time of the injury, and that support of this contention may be found in many adjudged cases.

The applicable statute which is now section 7636, Revised Statutes 1939, has been carried forward without alteration from its original enactment in Laws 1913, page 545. It reads as follows:

"*Action for damages maintained, how.* No action shall be maintained against any city of this State which now has or may hereafter attain a population of one hundred thousand inhabitants, on account of any injuries growing out of any defect in the condition of any

bridge, boulevard, street, sidewalk or thoroughfare in said city, until notice shall first have been given in writing to the mayor of said city, within ninety days of the occurrence for which such damage is claimed, stating the place where, the time when such injury was received, and the character and circumstances of the injury, and that the person so injured will claim damages therefor from such city.''

Is the petition sufficient to conform to the requirement of the statute in stating ''the time when such injury was received;'' or, in other words, is the variance of one day's time from the date alleged fatal to plaintiff's right to maintain the action?

The case of Hackenyos v. St. Louis, 203 S. W. 986, is the storm center for the argument of opposing counsel on the issue raised. Appellant contends that an identical factual situation was presented in that case. The notice stated that the injury occurred ''on or about the 1st day of September, 1913.'' Plaintiff testified that the injury occurred ''on the 2d day of September, 1913.'' The opinion for the Supreme Court, in banc, was written by a Commissioner. Three of the judges concurred in the opinion and one concurred in the result, which was an affirmance of the judgment of the trial court that the notice did not comply with the statute, and that plaintiff was not entitled to maintain her action. A vigorous dissent was written by one of the judges and met the concurrence of two others.

Respondent contends that there was no authoritative opinion rendered in the case and that the decision there made is not controlling authority upon the question here presented because the *opinion* received the concurrence of only three judges while a fourth judge concurred only in the result; and the three other judges dissented. It is therefore claimed that the court was equally divided and that no majority opinion was rendered. Respondent cites State ex rel. Columbia National Bank of Kansas City v. Davis, 314 Mo. 373, 284 S. W. 464, and State ex rel. Hopkins v. Daues, 319 Mo. 733, 6 S. W. (2d) 893, and asserts that what was said in those cases in reference to the effect of opinions in other cases sustains respondent's position on the precise question of whether or not the opinion in the Hackenyos case was a majority opinion and controlling authority. The discussion in the opinions of the cited cases reveals a manifest distinction between what is a majority *opinion* and a majority *decision.* Where an opinion in separate paragraphs deals with different issues and the opinion as a whole does not meet a concurrence of a majority of the court, then there is no ruling upon all of the questions with which it deals, and it is controlling only in what is decided in the particular paragraphs in which the majority concurs and to that extent it is a majority opinion. When there is but one issue for consideration and decision, as in the Hackenyos case, and three judges concur in the opinion and one other in the result, it may well be said, as respondent claims, that there is not a majority concurrence in the opinion. But where there is a concurrence in the result of the ruling made on a single question

there is nevertheless a majority decision on that question. The result in the Hackenyos case was an affirmance of the judgment of the trial court to the effect that a variance of one day between the date shown in th enotice and the date of injury was fatal to plaintiff's right of recovery under the mandatory provision of the statute prescribing the conditions of a maintainable action. The scope and effect of the decision was thus confined to a single question. What was said in the opinion is of secondary moment to what was decided. Concurrence in the decision rather than in the opinion is the matter of vital importance. After due consideration it appears that there is no escape from the conclusion that the question ruled in the Hackenyos case, and the sole question there decided, met the concurrence of a majority of the court, and that the ruling there made is controlling authority upon a similar state of facts presented in the case now on review. There is no room for rival interpretations.

Respondent claims that subsequent decisions tend to discredit the holding in the Hackenyos case and are indicative of a more liberal construction of the statute. Particular reference is made to the case of Boyd v. Kansas City, 291 Mo. 622, 237 S. W. 1001. The ruling in that case was that notice of injury "on or about January 25, 1918," was a substantial compliance with the statute upon showing that the injury actually occurred on January 25. What is said in the State Report about the Hackenyos case, beginning at page 638, clearly indicates that the court regarded that decision as valid and existing law, and harmonized the Boyd case with it. The ruling in the case of Wolf v. Kansas City, 296 Mo. 95, 246 S. W. 36, followed that in the Boyd case in holding that a notice of injury "on or about the 27th day of January, 1918" was a sufficient notice to entitle plaintiff to maintain her suit upon showing that the injury occurred on the day named, the 27th day of January. This court in the case of Kling v. Kansas City, 227 Mo. App. 1. c. 1252, 61 S. W. (2d) 411, recognized the Hackenyos case as controlling on the question decided. No ruling of the Supreme Court to the contrary has been discovered. This court by constitutional compulsion must recognize it as controlling authority. [Amendment of 1884, Sec. 6, Art. VI.]

The final suggestion of respondent on this phase of the case is that it is "the duty of this court to refuse to follow any former incorrect decision whether rendered by the Supreme Court or not," and proceed to declare the law correctly although in conflict with an erroneous decision of the Supreme Court. Reference is made to an experiment of that character as shown in the case of State ex rel. Thomas v. Daues, 314 Mo. 13, 283 S. W. 51. But there is nothing in the case pending before this court to justify such a vagrant innovation as that suggested and a violation of duty imposed by the Constitution and the oath of office of every judge of this court. The Supreme Court as the ultimate repository of judicial authority is not only able to correct its own errors, if any, but is the appropriate tribunal for that purpose.

392

If the interpretation of the statute made by the court is deemed to be harsh and unjust a remedy might be found in the legislative forum.

Under the law as declared in this State, on the facts in this case, plaintiff had no right to maintain her action. The demurrer to the evidence should have been sustained. The judgment should be reversed, and the Commissioner so recommends. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of BOYER, C., is adopted as the opinion of the court. The judgment is reversed. All concur.